# Richmond

## DANIEL McDORMAN v. W. FRANK SMYTH, JR., SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

April 26, 1948.

Record No. 3380.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley and Miller, JJ.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*Ballard Baker, Special Assistant to the Attorney General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Daniel McDorman filed his petition on November 6, 1947, in the Circuit Court of the city of Richmond for a writ of *habeas corpus,* seeking his discharge from the custody of the respondent, W. Frank Smyth, Jr., Superin-

tendent of the Virginia State Penitentiary, on the ground that his detention by the respondent was illegal, void, and without due legal process. From an order of that court refusing to grant him a discharge, this writ of error was awarded.

The record discloses that the petitioner has been convicted six times in the courts of this State as follows:

(1) On November 10, 1926, in the Circuit Court of Rockingham county for housebreaking and given one year in the penitentiary.

(2) On April 29, 1929, in the Circuit Court of Rockingham county for housebreaking and sentenced to one year in the penitentiary.

(3) On June 7, 1929, in the Circuit Court of the city of Richmond on an information charging two prior felony convictions, and a sentence of one year imposed. Virginia Code, 1942 (Michie), section 5054.

(4) On January 18, 1932, in the Circuit Court of Rockingham county for housebreaking and sentenced to three years imprisonment.

(5) On March 9, 1932, in the Circuit Court of the city of Richmond on an information charging three prior felony convictions and given a sentence of ten years imprisonment.

(6) On March 12, 1947, in the Circuit Court of the city of Richmond for escape from the State penitentiary and sentenced to one year.

The petitioner has served in full the sentences for the first three convictions. While serving the sentence for the fourth conviction, he escaped on December 28, 1932. He was recaptured on January 21, 1947, and immediately began serving the balance of his fourth sentence. This sentence will not be completed until May 24, 1948.

The judgment on the fifth conviction provided that the sentence of ten years should begin at the expiration of the term of confinement under the fourth conviction. The judgment on the sixth conviction provided the sentence of one year should begin at the end of the then "present term" of imprisonment of the petitioner.

At the time of the institution of this proceeding, the petitioner was held in custody under the sentence imposed on the fourth conviction of January 18, 1932, the expiration of which has been .delayed by reason of his escape. Therefore, he cannot begin to serve the sentences on the fifth and sixth convictions until after May 24, 1948.

A. sweeping attack on various grounds is made by the petitioner on all of the above convictions and sentences, save the third, notwithstanding the sentences on the first three have been served in full. He alleges defects in certain indictments and in certain verdicts in some, and lack of counsel and deprivation of due process of law in others. However, the attack on his first, second and fourth convictions has been made for the purpose of establishing the invalidity of his fifth conviction in March, 1932, as a prior offender. The sixth conviction is claimed to be void on the ground that the escape was from a custody void at the time of escape.

*Habeas corpus* is a writ of inquiry granted to determine whether a person "is detained without lawful authority." Virginia Code, 1942 (Michie), section 5848. It is available only where the release of the prisoner from his immediate detention will follow as a result of an order in his favor. It is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, could not affect the lawfulness of his immediate custody and detention. It cannot be used to modify or revise a judgment of conviction. *McNally* v. *Hill*, 293 U. S. 131, 55 S. Ct. 24, 79 L. Ed. 238.

The opinion of Mr. Justice Stone in *McNally* v. *Hill, supra,* contains an excellent review and discussion of the history, use and purpose of the writ of *habeas corpus.* Under the Federal· statutes which are similar to the Virginia statutes, the court there held that a prisoner in lawful custody on a conviction under the second count of an indictment, whose sentence thereunder had not been served, was not entitled to a writ of *habeas corpus,* on the ground that his conviction under a third count was invalid.

In *Jenkins* v. *Smyth, ante,* p. 202, 46 S. E. (2d) 426, we held that a sentence which a prisoner had not begun to serve could not be the cause of restraint which is made the subject of inquiry in a *habeas corpus* proceeding.

Here petitioner has not begun to serve the sentences imposed on his fifth and sixth counts. The validity of his first two convictions present moot questions, save as the question of their nullity affects the validity of his fifth conviction in March, 1932, as a third offender. Under these conditions affecting the issuance of the writ, we must, therefore, first determine the right under which the petitioner was detained when this proceeding was instituted, that is, the legality of his detention on his fourth conviction.

The judgment and sentence on his fourth conviction, January 18, 1932, was based on an indictment returned in the Circuit Court of Rockingham county, which contained the following charge:

"Daniel McDorman, on or about January 2, 1932, in said county, a certain mill, the property of W. M. Menefee and Wade H. Menefee, partners trading as Mutual Milling Company, there situate, feloniously did break and enter in the nighttime with intent the goods and chattels of the said Mutual Milling Company, in the said mill, then and there being, feloniously to steal, take, and carry away, and twelve twenty-four pound bags of flour of the value of ten dollars, of the property of the said Mutual Milling Company in the said mill, then and there being found, feloniously did steal, take, and carry away, * * * ."

The petitioner first contends that the judgment was void because the indictment in charging the breaking and entering a "mill" does not mention a structure within the meaning of the housebreaking statutes, and merely charges petty larceny, that is, the larceny of personal property of the value of ten dollars.

Virginia Code, 1942 (Michie), sections 4438 and 4439, provide that if any person in the nighttime enter without breaking or break and enter either in the daytime or night-

time "any office, shop, storehouse, warehouse, banking house, or other house" with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the jury, confined in jail not exceeding twelve months and fined not exceeding $500.

Whether a mill is or is not a house within the scope of Code, sections 4438 and 4439, is a matter of law and fact. A mill may be a house. Among several definitions each of a house and a mill, Webster's New International Dictionary, Second Edition (Unabridged), defines a house as "A building in which something is housed," and a mill as "A building provided with machinery for the purpose of grinding grain into flour."

Whether "a certain mill, the property of W. M. Menefee and Wade H. Menefee, partners trading as Mutual Milling Company," was a house was a question of factual determination. That it was not a house was a matter of evidential defense. The proceedings, the verdict, and the judgment disclosed that the case was tried upon the theory that the mill described in the indictment was a house within the meaning of the housebreaking statutes. This was acquiesced in by all of the parties, the Commonwealth, the defendant, and the trial judge, all of whom doubtless knew the nature and type of mills used in Rockingham county in 1932.

It was not contended at any time that the mill of the Mutual Milling Company was not a house. The evidence, which is not before us, may have clearly shown that it was a house. The regularity of the proceedings is presumed. The language of the indictment was sufficient to show the character of the crime charged. The court had jurisdiction over that crime and the person charged. The evidence could have supplied what was lacking in description. The petitioner cannot be permitted in this proceeding to successfully contend that the evidence failed to disclose the mill to be a house. *Commonwealth* v. *Beavers*, 150 Va. 33, 142 S. E. 402.

An indictment or information charging an offense substantially in the language of the statute is not subject to attack on *habeas corpus*. A mere inartificiality in pleading, or mere defects and irregularities in, or insufficiency of an indictment constitute no ground for release by *habeas corpus* where the court has jurisdiction over the offense charged. *Harmon* v. *Smyth*, 183 Va. 414, 32 S. E. (2d) 665; 39 C. J., Habeas Corpus, section 20; 25 Am. Jur., Habeas Corpus, section 28.

Upon the above indictment the jury returned the following verdict:

"We, the jury, find the accused, Daniel McDorman, guilty of housebreaking as charged in the indictment, and fix his punishment at three years in the penitentiary."

The petitioner contends that the verdict is a nullity, on the ground that it finds him guilty of housebreaking alone, and not guilty of housebreaking with intent to commit larceny.

The indictment contained only one count. It charged the statutory offense of housebreaking, with a two-fold averment of intent to steal, and of the actual theft, as one continuous act. The charge of actual larceny was made to establish the intent of the breaking. *Speers* v. *Commonwealth*, 17 Gratt. (58 Va.) 570, 571; *Butler* v. *Commonwealth*, 81 Va. 159; *Myers* v. *Commonwealth*, 132 Va. 746, 762, 111 S. E. 463; *Clark* v. *Commonwealth*, 135 Va. 490, 496, 115 S. E. 704.

If the evidence supported the charge as one continuous act, there was but one penalty annexed to that offense, which was confinement in the penitentiary not less than one year nor more than ten years, or, in the discretion of the jury, confinement in jail not exceeding twelve months and a fine not exceeding $500. Virginia Code, 1942 (Michie), section 4439; *Clark* v. *Commonwealth, supra.*

The jury returned a verdict of "guilty of housebreaking as charged in the indictment," the major offense charged, that is, the composite offense of breaking and entering with intent to steal and stealing, and imposed the penalty within

the provisions of the statute provided for such crime. The overt act was the housebreaking. The intent with which the act was committed fixed the specific class of the felony. The verdict was responsive to the charge in the indictment and to the penalty provided by statute for the specific crime charged.

In our opinion the record clearly shows that the petitioner was lawfully held in the custody of the respondent to serve the sentence imposed by the Circuit Court of Rockingham county on January 18, 1932.

Counsel for the petitioner has cited decisions of courts of other jurisdictions somewhat contrary to the views herein expressed; but we are of opinion that the holdings of this court on the questions presented are sound.

We conclude that since the detention of the petitioner is lawful under the sentence imposed on his conviction of January 18, 1932, there is no occasion for us to inquire into the validity of his remaining convictions. The question of the validity of those convictions was not ripe for decision in the trial court nor a proper subject of inquiry before us in this proceeding.

For the foregoing reasons, we are of opinion to affirm the judgment of the trial court, in so far as it dismissed the petition for the writ of *habeas corpus.*

*Modified and affirmed.*