# Richmond

W. FRANK SMYTH, JR., SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY v. JAMES RAYMOND HOLLAND.

April 26, 1957.

Record No. 4657.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Whittle and Snead, JJ.

The opinion states the case.

*Thomas M. Miller*, Assistant Attorney General (*J. Lindsay Almond, Jr.*, Attorney General, on brief), for the plaintiff in error.

No brief for the defendant in error.

Spratley, J., delivered the opinion of the court.

At the January 1935 term of the Corporation Court of the City of Norfolk, the grand jury for that court returned an indictment against James Raymond Holland, which contained two counts, the first charging him with armed robbery, and the second with the felonious and forcible taking from the person of another goods and money by putting the said person in bodily fear. Code of Virginia, § 18-163. Each offense was charged as having been committed against Bessie A. Etheridge on January 5, 1935.

At the February term, 1935, of the same corporation court, Holland was indicted for the theft of an automobile of the value of $500.

At the March term, 1935, of the Corporation Court of the City of Danville, Holland was indicted for the theft, in Danville, of a pocket watch of the value of $70, of the property of T. D. Cunningham.

The record shows that Holland, upon his arraignment in the Corporation Court of the City of Norfolk, on the indictment returned in January, 1935, pleaded guilty to the first count thereof, and "on his motion, with the consent of the Attorney for the Commonwealth, the whole matter of record and fact was heard and determined by the Court." The court adjudged him guilty as charged in the first count, fixed his punishment at 25 years in the penitentiary, and in accordance therewith sentenced him to serve the term of 25 years, subject to a credit of 37 days spent in jail awaiting trial. On the same day, he was thereafter arraigned upon the indictment charging him with the theft of an automobile, and the judgment of conviction contained the recital that he "plead guilty to the said indictment and on his motion with the consent of the Attorney for the Commonwealth, the whole matter of law and fact was heard and determined by the Court." He was found guilty, his punishment fixed at one year in the penitentiary, and he was sentenced accordingly, subject to a credit of 37 days spent in jail awaiting trial. This second order specified that the sentence of one year was not to run concurrently with the sentence of 25 years first imposed.

On March 5, 1935, Holland was tried in the Corporation Court of the City of Danville upon the indictment therein charging him with grand larceny. He pleaded, in his own proper person, guilty, and "by consent as well of the Attorney for the Commonwealth as of the

accused," the evidence was heard and determined by the court. He was found guilty and his punishment fixed at 6 years in the penitentiary, subject to a credit of 11 days spent in jail awaiting trial.

On December 5, 1955, Holland, sometimes hereinafter referred to as petitioner, filed his petition in the Hustings Court of the City of Richmond, Part II, for a writ of *habeas corpus ad subjiciendum* directed against W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary.

The petitioner alleged that the judgments of the Corporation Court of the City of Norfolk were void as lacking due process of law. Specifically, he averred that being ignorant of his rights, having no means of employing counsel, and "listening to the advice of other prisoners and people equally ignorant of such matters, (he) thought that it would go easy with him if he pleaded guilty, did so;" that no counsel was appointed to defend him, to advise him of his rights, or to inform him of the effect of his plea of guilty; and no inquiry was made as to whether he understood the effect of his plea of guilty. With respect to the trial upon the indictment in the Corporation Court of the City of Danville, he made the same allegations and further alleged that he "discovered long afterwards" that the watch which he was charged with stealing had, in fact, been stolen in the Town of Virginia Beach, Virginia, and not in the City of Danville, "by someone other than" petitioner; and consequently the Corporation Court of the City of Danville was without jurisdiction to indict or try him for that offense.

Attached to the petition were certified copies of the indictments and judgments referred to, of letters to Holland's counsel from the Clerks of the Corporation Courts of the Cities of Norfolk and Danville stating there was no record in their respective courts of an attorney having been appointed to defend Holland in the trials of the cases mentioned, and of a letter from the Assistant Chief of Police of the Town of Virginia Beach, to Holland, dated September 27, 1941, that T. D. Cunningham of Danville, Virginia, had "reported stolen" on August 11, 1934, his Hamilton wrist watch and certain other personal property from a hotel room at Virginia Beach.

Upon consideration of the above petition, the Hustings Court entered an order directing W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, to show cause why the writ of *habeas corpus* should not issue.

In response, W. Frank Smyth, Jr., Superintendent as aforesaid,

answered and said: (1) That petitioner was then serving the six-year sentence imposed upon him by the Corporation Court of the City of Danville on March 5, 1935, which sentence would not expire until November 12, 1959; that petitioner did not state a case for the issuance of a writ of *habeas corpus* in connection with the judgment of the Corporation Court of the City of Danville, for a non-capital offense; and that petitioner had had ample knowledge of court proceedings prior to his conviction in Danville.

Attached to respondent's answer was a certificate from Curtis R. Mann, Director, Bureau of Records and Criminal Identification, Virginia State Penitentiary, showing that the sentences imposed by the Corporation Court of the City of Norfolk had expired respectively on November 24, 1954, and July 29, 1955; and that the six-year sentence imposed in the Corporation Court of the City of Danville would not expire until November 12, 1959. In addition, was listed the conviction of the petitioner in the Circuit Court of the City of Richmond on November 4, 1935, as a "repeater," (Virginia Code, § 53-296), when an additional sentence of one year was imposed, which term would not expire until July 1, 1960.

There was also listed a sentence of ten years imposed upon petitioner on Jan. 18, 1928, in the Circuit Court of Isle of Wight County, Virginia, for attempted bank robbery. He had been discharged from custody thereunder on February 2, 1934, the sentence having been fully served.

Upon consideration of Holland's petition and the answer of the respondent, the Hustings Court on January 30, 1956, ordered that a writ of *habeas corpus* issue upon so much of the petition as alleged that the trial of Holland in the Corporation Court of the City of Norfolk, at the January, 1935, term of that court, for armed robbery was void.

The record contains a brief summary of Holland's testimony, certified by the trial judge. The testimony is in support of petitioner's claim that he was denied due process of law upon his several trials. He alleged that he had completed service of his sentence for armed robbery, and was being detained for service of a sentence for another offense.

On February 20, 1956, the Hustings Court entered the following judgment order:

"And after hearing the evidence and argument of counsel, the Court being of opinion that failure of the petitioner to have counsel

resulted in a lack of due process of law in the trial of the petitioner held in the Corporation Court of the City of Norfolk on February 12, 1935, and that the judgment of the court sentencing the petitioner to twenty-five (25) years in the penitentiary for armed robbery (a capital offense), is void; and that the time allegedly served by the petitioner on such conviction should actually be credited as served upon other sentences totalling eight (8) years, which, if so credited, will have been completely served, entitling the petitioner to his release;

"Therefore, the Court doth adjudge and order that the petitioner be released from custody by the respondent; to which action of the Court, the respondent, by his counsel, the Assistant Attorney General, objects and excepts."

Upon petition of the respondent, W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, we granted this writ of error.

The Commonwealth contends that the Hustings Court of the City of Richmond, Part II, was without "jurisdiction or authority" to determine in the *habeas corpus* proceeding the validity of the judgment sentencing petitioner to 25 years in the penitentiary, because petitioner had already fully served that sentence, and, consequently, was not being detained under it, but under a sentence upon a valid conviction in another court for a different offense committed at a different time and place; and, moreover, that the said court had no power or authority to direct that the time of imprisonment already served by the petitioner for the conviction of February 12, 1935, be credited on the time of sentence being presently served by reason of a judgment of conviction, wholly unrelated to the conviction for which he had served the 25-year sentence.

Our inquiry is not whether the judgment of February 12, 1935, sentencing petitioner to 25 years in the penitentiary was invalid for lack of due process, or for any other reason; but is limited to narrow questions of law relating to the jurisdiction and authority of the Hustings Court, Part II, to review and consider any conviction of the petitioner other than one causing his present detention.

We have had frequent occasion in recent years to discuss the scope and functions of the writ of *habeas corpus* and the grounds for relief by means of the writ. It will serve no useful purpose to restate what we have heretofore said at length, other than to say, by way of summary, that the only question which the writ presents is whether or

not the prisoner "is detained without lawful authority." Code of Virginia, § 8-596. Thus, the scope of the inquiry is limited to the propriety of the prisoner's present detention, that is, whether his detention is by due process of law. *Lacey* v. *Palmer*, 93 Va. 159, 163, 24 S. E. 930; *Buchanan* v. *Buchanan*, 170 Va. 458, 197 S. E. 426, 116 A. L. R. 688; *McDorman* v. *Smyth*, 187 Va. 522, 525, 47 S. E. 2d 441; *McNally* v. *Hill*, 293 U. S. 131, 79 L. ed. 238, 55 S. Ct. 24; *Carlson* v. *Landon*, 342 U. S. 524, 546, 96 L. ed. 547, 563, 72 S. Ct. 525; 9 M. J., Habeas Corpus, § 5, pages 307 *et seq.;* 25 Am. Jur., Habeas Corpus § 13, pages 151 *et seq.;* 39 C. J. S., Habeas Corpus, § 4 a, pages 428 *et seq.*

We think that the principles announced in *McDorman* v. *Smyth*, *supra*, and *McNally* v. *Hill*, *supra*, are applicable and govern the rights of the petitioner in this proceeding.

In *McDorman* v. *Smyth*, *supra*, 187 Va. at page 525, we said that a writ of *habeas corpus* "is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, could not affect the lawfulness of his immediate custody and detention. It cannot be used to modify or revise a judgment of conviction."

In *McNally* v. *Hill*, *supra*, Mr. Justice Stone, in reviewing the appropriate use of the writ in the Federal courts, said that the "purpose of the proceeding defined by the statute was to inquire only into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found unlawful." He added that there is no warrant in law or the writ for its use as a writ of error, or to make judicial determinations of questions which do not affect the lawfulness of the present detention, or to modify or reverse a judgment of conviction. 293 U. S. 136, 137.

[■] The Hustings Court did not question the validity of any conviction of the petitioner save that for armed robbery. It is undisputed that Holland had fully served the sentences imposed for both armed robbery and the theft of an automobile, at the time of the hearing of his application for a writ of *habeas corpus*. He was then, and is now, being detained by reason of the sentence imposed upon him in the Corporation Court of the City of Danville for grand larceny.

It is clear, under principles firmly established, that the jurisdiction of the Hustings Court of the City of Richmond, Part II, was limited

to a consideration of the validity of the conviction under which the petitioner was being detained at the time of the hearing. It had no authority or jurisdiction to review or adjudicate in this proceeding the validity of a conviction of the petitioner who had already served the sentence imposed upon such conviction prior to the institution of the proceeding.

It has been suggested that in *Stonebreaker* v. *Smyth*, 187 Va. 250, 46 S. E. 2d 406, and in *Fitzgerald* v. *Smyth*, 194 Va. 681, 74 S. E. 2d 810, we recognized the power of a judge in a *habeas corpus* proceeding to allow the time served by a prisoner under an invalid conviction to be credited against the time of a valid sentence to be served by him. The facts in those two cases are unlike those here.

In *Stonebreaker* v. *Smyth, supra*, we held that three sentences imposed upon Stonebreaker by the Corporation Court of the City of Newport News were void. At that time, there were other indictments pending against him in the same court. We ordered the transfer of his custody to that court for such further proceedings as the Attorney for the Commonwealth might deem advisable. At the same time we directed that if he should be "tried and convicted on any one or more of the three indictments pending against him, then he should receive proper credit for time served under any one of the three indictments and credit for good conduct if, under pertinent rules and regulations of State authorities, he is entitled to such credit." 187 Va. page 264.

In the *Fitzgerald* case; *supra*, we suggested that since that petitioner had been held in custody a period of more than eight years under convictions held to be null and void, the court in which those convictions were obtained should take that fact into consideration in trying the accused upon another indictment pending against him in that court.

In all of the above cases, the petitioners were remanded for trial in the court where there were pending indictments against them. In the present case, the petitioner, Holland, was convicted in different courts, at different times, upon charges involving wholly unrelated offenses, and was not being detained by reason of any pending indictment against him. 194 Va. 691.

Provisions relating to the remission of fines and penalties, punishment and execution of sentences, the commencement of the confinement for crimes, credits and allowances to convicted persons, and probation and parole, are controlled and limited by our Constitution

and statutes. Constitution of Virginia, § 73; Code of Virginia, Chapter 11 of Title 19; Code of Virginia, Chapters 8 and 11 of Title 53, as amended.

We find no statute or authority, nor have we been cited to any, which authorized or empowered the Hustings Court of the City of Richmond, Part II, to order that the time of the sentence for armed robbery, fully served by petitioner, prior to the institution of this proceeding, be credited as served upon other sentences, under which he is being presently held in custody.

For the foregoing reasons, the judgment complained of is reversed, the writ of *habeas corpus*, heretofore awarded, dismissed, and the petitioner remanded to the custody of the Superintendent of the Virginia State Penitentiary.

*Reversed and final judgment.*