878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Edward WASHINGTON, Plaintiff-Appellant,
v.
VIRGINIA STATE PAROLE BOARD, Defendant-Appellee.
 No. 88-7797.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided June 19, 1989.
 
 James Edward Washington, appellant pro se.
 William W. Muse, Robert Harkness Herring, Jr., Office of the Attorney General of Virginia, for appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Washington appeals the order of the magistrate[1] dismissing his 42 U.S.C. Sec. 1983 complaint. We affirm the dismissal of Washington's complaint, but on a ground different from that relied on by the magistrate.
 
 
 2
 * In 1965, Washington was sentenced to a 20-year prison term in the Virginia Department of Corrections for robbery. While serving this sentence, Washington was charged with the murder of a correctional guard in 1971. In 1974, he was sentenced to death for the murder charge. In 1976, Governor Mills Godwin commuted Washington's death sentence to life imprisonment. Apparently, there were no conditions on this commutation.[2] In March 1988, Washington filed a petition for a writ of mandamus in the Virginia Supreme Court. Washington claimed that he was entitled to be considered for parole based on Va.Code Sec. 53.1-151(c), which reads, in part:
 
 
 3
 Persons sentenced to life imprisonment for the first time shall be eligible for parole after serving fifteen years ...[3]
 
 
 4
 That court dismissed the petition without opinion. See Washington v. Virginia State Parole Board, Record No. 880359 (Va. July 5, 1988).
 
 
 5
 Washington then filed a "petition for a writ of mandamus" in federal district court, claiming that he had a protected liberty interest in parole eligibility under Sec. 53.1-151(c) and that the denial of parole consideration violated his rights to due process. The state responded with a motion to dismiss, claiming that Washington had no entitlement to parole consideration by virtue of Va.Code Sec. 53.1-151(b), which reads in part: "Persons sentenced to die shall not be eligible for parole." The magistrate granted the state's motion based on its reading of the statutory language.
 
 II
 
 6
 We construe Washington's core complaint as an attack on the length or duration of his confinement and thus, it is more properly classified as a 28 U.S.C. Sec. 2254 petition. See Alexander v. Johnson, 742 F.2d 117 (4th Cir.1984); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). We base our conclusion on the observation that Washington seeks relief from the absolute prohibition on parole eligibility that he presently faces. This is a "core" Sec. 2254 complaint. See Alexander v. Johnson, supra (complaint challenging North Carolina policy requiring prepayment of restitution prior to parole consideration is properly characterized as a Sec. 2254 petition).
 
 
 7
 Because we read this complaint as a Sec. 2254 petition, Washington must establish that he has exhausted state remedies. 28 U.S.C. Sec. 2254(b), (c). We do not consider Washington's petition for a writ of mandamus in the Virginia Supreme Court as satisfying this requirement. We note that the supreme court dismissed the petition without opinion, thus preventing us from discerning the basis for the ruling. See Durkin v. Davis, 538 F.2d 1037, 1042 (4th Cir.1976). See also Castille v. Peoples, 57 U.S.L.W. 4249 (U.S. Feb. 22, 1989) (No. 87-1602). Thus, as in Durkin, the supreme court could have dismissed Washington's petition because he "failed to establish a basis for the exercise of mandamus jurisdiction without reaching the substantive issue." Id. Moreover, Washington had another legal remedy in a writ of habeas corpus, which more appropriately challenges the lawfulness of his detention (without a parole hearing). Smyth v. Midgett, 199 Va. 727, 101 S.E.2d 575 (1958).
 
 
 8
 Accordingly, we affirm the dismissal of his complaint on the independent basis of nonexhaustion, but modify the judgment to be without prejudice, enabling Washington to reinstate this action under the provisions of 28 U.S.C. Sec. 2254 once he has exhausted his claim in state court. We dispense with oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument would not aid the decisional process.
 
 
 9
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate pursuant to 28 U.S.C. Sec. 636(c)(1)
 
 
 [2]
 The governor's order is not in this record but neither party claims there was any conditional limitation on the commutation
 
 
 [3]
 The state does not contest the fact that this is Washington's first life sentence