## CIRCUIT COURT OF FAIRFAX COUNTY

Ollin R. Crawford

v.

Edward W. Murray, Director,
Department of Corrections

December 28, 1990

Case No. (Law) 88778

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court on petitioner's Amended Petition for a Writ of Habeas Corpus and respondent's Motion to Dismiss Amended Petition filed in response thereto. Upon consideration of the briefs filed by the parties and the applicable case law, the Amended Petition is dismissed.

The petitioner, Ollin Crawford, was convicted in the Fairfax County Circuit Court on March 22, 1985, on four counts of robbery and one count of attempted robbery. She was sentenced to serve a total of seventy years on these convictions. It appears that during the course of the robberies, the petitioner claimed that she carried a hand grenade in a sock.

Ms. Crawford has been classified by the Virginia State Department of Corrections under the strictest maximum security classification of "C" custody. Prisoners classified as such are denied some of the privileges of those classified as under "B" and "A" custody.

Additionally, when petitioner would otherwise be eligible for parole under Virginia Code § 53.1-151, it appears that she will be denied that opportunity pursuant to Virginia Code § 53.1-151(b)(1) which read at the time of her convictions: "Any person convicted of three separate felony convictions of murder, rape, or armed robbery when

such offenses were not part of a common act, transaction, or scheme shall not be eligible for parole."

The petitioner argues that although she was not convicted under the "armed robbery" provisions of Virginia Code § 18.2-53.1, the Department of Corrections applied "extraneous information" to her case to bring her under Code § 53.1-151(B1).

The difficulty with petitioner's position lies in the fact that Virginia courts have not recognized a habeas corpus action to address what amounts to a complaint regarding a prisoner's "quality of life" in prison. In fact, Virginia courts have consistently restricted the availability of the "great writ of liberty" to exceptional instances.

To obtain a writ of habeas corpus *ad subjiciendum*, the petitioner must show "probable cause to believe that he is detained without lawful authority." Virginia Code Section 8.01-654. The issue is whether petitioner in this case has alleged facts sufficient to support her allegation that she is unlawfully "detained" within the meaning of the Code.

In the 1948 case of *McDorman v. Smyth*, 187 Va. 522 (1948), the Virginia Supreme Court set down the rule that habeas corpus relief is available only where the release of the prisoner from his immediate custody will result from an order in his favor. In *McDorman*, the petitioner was attacking a number of convictions, including ones for which he was not yet serving confinement. The Court refused to even consider the challenges to those convictions for which the petitioner was not yet serving a period of detention, holding they were not yet ripe.

The *McDorman* Rule was at least modified and possibly overruled by an amendment to the Virginia habeas corpus statute which reads "such petition may allege detention without lawful authority through challenge to a conviction, although the sentence imposed for such conviction is suspended or is to be served subsequently to the sentence currently being served by petitioner." Va. Code Section 8.01-654(B)(3).

Although it seems the amendment would have mandated a different result in *McDorman*, it nonetheless remains clear that the "detention" alleged by the petitioner herein is not of the type for which Virginia Courts have afforded habeas corpus relief. Ms. Crawford does not challenge

her conviction on the underlying crime for which she has been sentenced. The Court has not been made aware of any Virginia case law allowing an attack on a prisoner's classification where the underlying detention is lawful. *See Irving v. Murray*, No. F-86-2150 (Circuit Court of the City of Richmond, April 17, 1987); *petition denied*, R. 870787 (Sup. Ct. of Va., June 16, 1988). It is clear from the record that the petitioner is lawfully detained within the meaning of Va. Code § 8.01-654. Therefore, the petition is dismissed.

It appears that this matter has been set down for trial by counsel for the petitioner. Where "the allegations of illegality of the petitioner's detention can be fully determined on the basis of recorded matters, the court may make its determination whether such writ should issue on the basis of the record." Va. Code § 8.01-654(B)(4). In light of the basis of this Court's ruling, there is nothing to be gained by an evidentiary hearing in this case. Counsel for the respondent is requested to prepare an order dismissing the petition.