## CIRCUIT COURT OF LOUDOUN COUNTY

Joey Fusilier

    v.

Smith,
Correctional Officer, et al.

July 7, 2003

Case No. (Law) 27894

BY JUDGE JAMES H. CHAMBLIN

By order entered June 12, 2003, the Demurrer of the Respondents, Cpl. Smith and Cpl. Corbin, and the Motion to Dismiss of the Respondents, Gene Johnson, Director of the Virginia Department of Corrections (DOC), M. Stankavich, Kim Cox, and R. Brown, were taken under advisement.

After consideration of the applicable pleadings, affidavits, and memoranda, the Demurrer is sustained and the Motion to Dismiss is denied. Each ruling is addressed in more detail below.

### Demurrer of Cpl. Smith and Cpl. Corbin

The Petition alleges that DOC improperly determined Mr. Fusilier's Good Conduct Allowance (GCA), and, as a result, he will have to serve more of his sentence than he would have had to serve if his GCA had been properly determined. Mr. Fusilier alleges in the Petition that he is a DOC inmate being detained at the Haynesville Correctional Center.

A writ of *habeas corpus* is "directed to the person in whose custody the petitioner is detained" under Va. Code § 8.01-657. There are no allegations in the Petition that Mr. Fusilier is being detained by or in the custody of Cpl. Smith or Cpl. Corbin.

Under generally accepted principles and specifically Va. Code § 8.01-273, a demurrer contends that a "pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted." The only relief obtainable by a writ of *habeas corpus* is the release of the petitioner from immediate detention. See *Virginia Parole Board v. Wilkins*, 255 Va. 419, 420 (1993). Such relief is only obtainable against the person who has custody of the petitioner. See Va. Code § 8.01-657. Because there are no allegations that Mr. Fusilier is in the custody of either Cpl. Smith or Cpl. Corbin, their Demurrer must be sustained. The allegations that Mr. Fusilier was previously in the custody of Cpl. Smith or Cpl. Corbin or that their actions may have contributed to an improper determination of Mr. Fusilier's GCA are not sufficient to make Cpl. Smith or Cpl. Corbin proper respondents under the facts alleged in the Petition.

Because Mr. Fusilier has been released from the DOC, it will be impossible for Mr. Fusilier to amend his Petition to allege that he is in the custody of Cpl. Smith or Cpl. Corbin. Therefore, no leave to amend is granted, and the Petition is dismissed with prejudice as to Cpl. Smith and Cpl. Corbin.

*Motion to Dismiss of Gene Johnson et al.*

After consideration of the allegations of the Petition, the Affidavit in Support of the Petition, the Memorandum in Support of the Petition, the Motion to Dismiss, the Memorandum in Support of the Motion to Dismiss (including the Affidavit of Kim Cox), and Mr. Fusilier's Opposition to the Motion to Dismiss (including the Affidavit and Statement of Undisputed Facts), the Motion to Dismiss is denied.

In his Petition, Mr. Fusilier alleges a long series of events that he feels led to an improper determination of his GCA that will lead to his serving more time than he should have to serve. The events begin with his alleged improper removal from a work release program at the "Manassas Regional Detention Center." He alleges that this improper removal led to his GCA being improperly determined. The Motion to Dismiss does not address the alleged impropriety of his removal from the work release program. The Motion to Dismiss is an assertion of facts tending to show that Mr. Fusilier's GCA was ultimately correctly determined.

The factual assertions in the Motion to Dismiss show that DOC considered Mr. Fusilier's removal from work release in determining his GCA. If Mr. Fusilier's removal from work release was improper as alleged, then it may

have been improper for DOC to consider his work release removal in determining his GCA.

Because the Motion to Dismiss does not address Mr. Fusilier's removal from work release and because DOC's determination of his GCA was based in part upon a proper work release removal, it does not reach all the merits of Mr. Fusilier's *habeas corpus* claims.

Accordingly, the Motion to Dismiss is denied.