## CIRCUIT COURT OF FAIRFAX COUNTY

Henry W. Johnson, II

v.

Virginia Parole Board et al.

June 21, 2004

Case No. (Law) 213322

By Judge Robert W. Wooldridge, Jr.

This matter is before the Court on Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus filed by Petitioner, Henry Johnson, II. Johnson contends that he is being wrongfully detained at the Sussex II State Prison because of Respondent's failure to provide Petitioner his parole hearings on two occasions in accordance with Code of Virginia § 53.1-136 and § 19.2-308.1. Johnson further asserts that he is being wrongfully detained because Respondent does not have discretion to reinstate previously earned Code of Virginia § 53.1-199 "good conduct allowance," following Johnson's subsequent parole violation. The Court has considered the Petition, Respondent's Motion to Dismiss, Johnson's Motion to Deny the Motion to Dismiss, and the relevant cases and statutes. For the reasons set forth in this opinion letter, the Motion to Dismiss is granted and the Petition for Writ of Habeas Corpus is dismissed.

### I. *Background*

On April 11, 1986, Johnson was found guilty of rape in violation of Va. Code § 18.2-61 and sentenced to twenty years in prison. Johnson was released from prison on mandatory parole on June 14, 2000 after serving approximately 14.5 years of his twenty year sentence. Johnson was arrested

for trespass in Raleigh, N.C., and, on February 2, 2001, he was found guilty of second degree trespassing and sentenced to eight days. Subsequently, Johnson was extradited to Virginia where he was received at the Powhatan Reception and Classification Center on February 13, 2001.

At a subsequent parole violation hearing, Johnson admitted to having violated parole conditions one, six, and ten. On April 23, 2001, the Virginia Parole Board revoked Johnson's parole. Pursuant to Va. Code §§ 53.1-159 and 53.1-165 and Parole Board Policy, the Parole Board also authorized that Johnson serve the full portion of the term imposed by the sentencing court that had not expired when he was released on mandatory parole; that time equaled four years, eleven months, and one day plus the six months and twenty-five days time left to serve from parole. Johnson's next parole hearing was not until May 16, 2003. On May 27, 2003, the Parole Board voted not to grant parole to Johnson.

## II. *Johnson's Claims*

Johnson contends that he is being held illegally and is entitled to mandatory release: (1) as a result of not having received discretionary parole hearings pursuant to Va. Code § 53.1-136; and, (2) as a result of the Parole Board's unauthorized revocation of good conduct allowance previously earned.

In response, Respondent argues that Johnson's claim is not sufficient to show that he was denied life, liberty, or due process. First, Respondent argues that, under the Fourteenth Amendment there is no constitutional right of a convicted person to be conditionally released before expiration of a valid sentence. *Hill v. Jackson*, 64 F.3d 163 (4th Cir. 1995). Respondent argues that petitioner has introduced no evidence of prejudice resulting from an unreasonable error and the Parole Board is considering granting Petitioner additional hearings to make up for those previously missed. Second, Respondent argues that Johnson's claim that he is entitled to mandatory release is procedurally barred under Virginia Rules of Civil Procedure. Va. Code § 8.01-654(A)(2) (2000).

Johnson's Response argues that the Parole Board's delay in granting a parole hearing prejudiced Petitioner's consideration of release because there was "a likelihood" that, if considered promptly, he would have been released.

### III. *Analysis*

#### A. *The Function of Writs of Habeas Corpus*

The purpose and scope of the writ of habeas corpus is to test the legality of the prisoner's detention. *Virginia Parole Bd. v. Wilkins*, 255 Va. 419, 420, 498 S.E.2d 695 696 (1998). The writ of habeas corpus cannot be issued to correct a mere error, but must be issued to discharge a prisoner who is being unlawfully detained. *Smyth v. Midgett*, 199 Va. 727, 101 S.E.2d 575 (1958).

#### B. *Rule Against Successive Petitions*

Claims set forth in a habeas petition may be procedurally barred if they were not timely raised in any prior habeas petition filed by the same petitioner. Va. Code § 8.01-654. In other words, when a habeas petition is filed, the prisoner must include all claims arising out of facts that are known to the prisoner at that time. *Dorsey v. Angelone*, 261 Va. 601, 544 S.E.2d 350 (2001). In *Dorsey*, the petitioner had filed a prior habeas petition that was voluntarily withdrawn. *Id.* at 604. The prior petition only challenged the computation of good time credits relating to his March 1987 felony sentences. In the second petition, the prisoner claimed seven new challenges to his detention. The petitioner was deemed to have had knowledge of the facts giving rise to the claims in the second petition at the time the first petition was filed, and the Court held the new claims in the second petition were procedurally barred by Va. Code § 8.01-654(B)(2). *Id.*

#### C. *Merits of Johnson's Claims*

##### 1. *The Parole Hearings Claim*

There is no constitutional right of a prisoner to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 60 L. Ed. 2d 668, 99 S. Ct. 2100 (1979).

In *Hill v. Jackson*, several inmates brought actions to challenge the constitutionality of a Virginia parole review policy, which provides for the deferral of parole review hearings for up to three years for certain classes of inmates. 64 F.3d 163 (1995). In discussing the inmates' claim that the Parole Board's 1993 parole review deferral policy deprived them of their liberty without due process in violation of the Fourteenth Amendment, the Fourth Circuit Court of Appeals noted that, "although the inmates may have some interest in parole consideration generally, it is clear that there is no 'protected

liberty interest in the procedures themselves, only in the subject matter to which they are directed'." *Id.* at 170 (*quoting Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993)). The Fourth Circuit went on to hold that "because the inmates'· 'right' to annual parole review here is a procedural function of Virginia's parole scheme rather than a substantive right unto itself, the Constitution does not afford that 'right' any protection under the Due Process Clause." *Id.* at 171.

In *Virginia Parole Board v. Wilkins*, Wilkins had petitioned for writ of habeas corpus after the Parole Board denied him discretionary parole and deferred for two years his next parole review. 255 Va. 419, 498 S.E.2d 695 (1998). The trial court "granted the writ of habeas corpus, finding that Wilkins 'was denied due process when the Board deferred his 1996 annual parole review without providing Wilkins with a reason for the deferral'." *Id.* at 420. The Supreme Court held that the trial court did not have habeas corpus jurisdiction to grant the relief it ordered because the trial court's determination did not affect the lawfulness of Wilkins' immediate custody and detention and Wilkins' release from his immediate detention would not follow as a result of the trial court's order. *Id.* at 421.

Johnson claims that the Parole Board failed to consider him for release on discretionary parole in the second quarter of 2002 and the first quarter of 2003. However, even if this court were to determine that Johnson was in fact denied discretionary parole hearings, such determination would not affect the lawfulness of Johnson's immediate detention. Further, although an order in Johnson's favor might secure him an immediate parole review hearing, Johnson's release from his immediate detention would not necessarily follow as a result. Accordingly, Johnson's claim relating to the Parole Board's failure to hold discretionary parole hearings is dismissed.

*2. Virginia Parole Board's Revocation of Good Conduct Allowance Previously Earned*

Johnson asserts that he is being illegally detained because he is being held solely pursuant to good time earned that Johnson claims was unlawfully revoked. This issue was the subject of a previous habeas corpus petition filed by Johnson. This court dismissed that previous habeas petition on the merits on August 11, 2002. Pursuant to Virginia Code § 8.01-663, the August 11, 2002, judgment is conclusive and this court need not address the issue a second time. *See Hawks v. Cox*, 211 Va. 91, 175 S.E.2d 271 (1970) (holding that when a court has determined that a habeas corpus petition is repetitious then, without appointing counsel, it may deny the writ).

### III. *Conclusion*

This court finds that Johnson's first claim fails to allege facts to support a due process violation. Further, this court finds that Johnson's second claim is repetitious and is barred pursuant to Va. Code § 8.01-663.

Based on the foregoing, Johnson is not entitled to a full plenary hearing. Accordingly, Respondent's Motion to Dismiss is granted and the Petition for Writ of Habeas Corpus is dismissed.

### *Order Dismissing Petition*

This cause came before the Court on a Petition for Writ of Habeas Corpus filed by Henry W. Johnson, II, and; it appearing to the Court that Johnson is an inmate confined in a state correctional facility within the Virginia Department of Corrections; that Johnson is petitioning this Court for a Writ of Habeas Corpus alleging that the Virginia Parole Board has failed to consider him for release on discretionary parole; that Johnson should have been afforded consideration for release on discretionary parole in the second quarter of 2002; that Johnson was not heard until the second quarter of 2003; that, upon discovery of the missed hearing, the Virginia Parole Board granted an extra hearing in the fourth quarter of 2003; that there is no violation of procedural due process; that the petition does not state a claim for habeas corpus relief since the relief would not be the release of Johnson, but rather an additional hearing; that all issues pertaining to the revocation of Petitioner's parole have been litigated previously; and that Johnson is not entitled to the relief prayed for; it is therefore adjudged, ordered, and decreed that Henry W. Johnson, II's Petition for a Writ of Habeas Corpus is hereby dismissed with prejudice; and Johnson's exceptions to this ruling are noted and preserved; and it is further ordered that the Clerk of this Court shall send an attested copy of this order to the Petitioner and to counsel for the Respondent, and this cause is ended.