**Henry ZAHN, Plaintiff-Appellant,**

v.

**William W. KIPP, Sr., U. S. Marshal, Defendant-Appellee.**

**No. 11147.**

United States Court of Appeals, Seventh Circuit.

Jan. 25, 1955.

Carl L. Weber, Cleveland, Ohio, for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Anna R. Lavin, Assts. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This is a petition for a writ of habeas corpus. On May 3, 1951 two indictments were returned and filed in the United States District Court for the Northern District of Illinois, Eastern Division, charging petitioner with violation of Title 18, § 1708, U.S.C., stealing mail from a house letter box, and Title 18, § 495, forging, passing and uttering a United States treasury check. Arraignment and plea were set for May 18, 1951. Due to the fact that petitioner was in the custody of the Sheriff of Cook County, Illinois, by reason of the violation of a state law, the United States Attorney petitioned for a writ of habeas corpus *ad prosequendam,* and the Court issued the writ returnable on May 18, 1951. The Court order provided: "* * * and that when the said Henry Zahn shall be so produced in pursuance of said writ and the hearing in the above entitled cause has been terminated, that the said Henry Zahn be forthwith returned to the Cook County jail at Chicago, Illinois, under safe and secure conduct."

On May 18 petitioner appeared in the United States District Court pursuant to said writ, and after being advised of his constitutional rights, entered pleas of guilty to the charges contained in the two indictments. The Court ordered a pre-sentence investigation and June 11 was set as the date for sentencing. On that date petitioner appeared with counsel. A motion for probation was denied. Petitioner's counsel then asked the Court if the sentence to be imposed would run concurrently with the sentence imposed by the State, and the Court answered: "I do not know how it could". The Court then imposed two sentences of two years

and provided that they run concurrently. The Assistant United States Attorney asked: "Following the state sentence?" and the Court replied: "Yes".

The judgment of conviction was then signed by the District Judge which provided that petitioner be committed to the custody of the Attorney General of the United States for a period of two years. There was no reference in this document that the imprisonment was to commence after petitioner had served his sentence under the State Court commitment.

On December 21, 1953, the authorities of the State of Illinois delivered petitioner to the custody of the United States Marshal pursuant to detainers which had been filed by reason of the convictions in the United States District Court hereinbefore described. On the same date the petition for writ of habeas corpus was filed. On December 24, 1953 argument on the petition for the writ was held, and on February 1, 1954 the District Court ordered that the petition for writ of habeas corpus be dismissed. From said order this appeal is prosecuted.

Petitioner argues that since the Attorney General may designate any available and appropriate institution, whether maintained by the Federal Government or otherwise, as a place for incarceration of federal prisoners, that petitioner served his two years' imprisonment under the federal court commitment while he was serving his time in the Illinois State Prison under the State Court commitment.

Petitioner contends that it makes no difference as to what the trial judge may have intended because resort may be had only to the judgment which, in specific terms, did not state that the sentence imposed in the District Court was to commence after petitioner had served his term imposed by the State Court.

Petitioner relies on United States ex rel. Chasteen v. Denemark, 7 Cir., 138 F.2d 289. In that case we were considering a state court commitment and we relied largely upon Illinois law. We

held that the phrase in the judgment "To be served consecutively with case No. 1745995" without stating the name of the case nor the court where same was imposed, was too vague and indefinite to be given any effect.

■ Of course, the sentence in a criminal case should be clear and definite, Hode v. Sanford, 5 Cir., 101 F.2d 290, and it would have been better practice to have specified in the judgment herein that the sentence was to take effect or to commence to run from the date when the federal authorities again assumed custody of petitioner.

■ A person who has violated the criminal statutes of both the federal and state governments may not complain of the order in which he is tried or punished for such offenses. Gunton v. Squier, 9 Cir., 185 F.2d 470, 471. A state which first acquires custody may "lend" a prisoner to the federal government in order to afford him a speedy trial and for the convenience of witnesses. Zerbst, Warden v. McPike, 5 Cir., 97 F.2d 253, 254. In the latter case the court said, page 254: "When McPike was taken back to jail he entered it not to await transportation to the federal penitentiary but to await trial in the State Court." Here, when petitioner was returned to the Cook County jail after his arraignment and plea in the Federal Court, it was not for the purpose of serving his federal sentence.

■ Section 3568, Title 18 U.S.C. provides: "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence." We hold that when petitioner, on May 18, 1951, was returned to the Cook County jail, it was not for the service of the sentence imposed upon him in Federal Court, and that he did not serve his federal sentence during the period he was imprisoned in the Illinois State Penitentiary.

Affirmed.