Theodore **GREEN**

v.

**UNITED STATES** of America.

Misc. Civ. No. 61–4.

United States District Court
D. Massachusetts.

Sept. 29, 1961.

Mfg. Corp. (WD Ark 1950) 94 F Supp 13."

See, also, 24 F.R.D. 130.

---

Theodore Green, pro se.

CAFFREY, District Judge.

Theodore Green, presently a prisoner incarcerated in the Federal prison at Alcatraz, California, has filed a motion captioned "Motion for Correction of Judgment and Commitment," in which he seeks a *nunc pro tunc* order correcting a judgment and order of commitment entered on October 27, 1952 in the case of United States v. Green et al.

The motion is based upon two grounds, namely "(1) The oral pronouncement of the sentence from the bench was too ambiguous, equivocal, and indefinite to sustain a judgment for consecutive sentences, and (2) As the defendant was not serving a legal sentence upon which a final judgment had been rendered the Federal district judge was without authority to enter a consecutive sentence thereto and therefore its sentence commenced on the day of imposition on October 27, 1952," and concludes with a prayer for a *nunc pro tunc* order directing that the sentence in question be considered as commencing to run on October 27, 1952.

The petitioner filed a memorandum in support of the motion, an affidavit in support of a motion to proceed in *forma pauperis*, and an exhibit consisting of an unpublished opinion of Judge Frank J. Murray of the Massachusetts Superior Court in a case captioned Theodore Green v. George F. McGrath, Commissioner, et al., Superior Court In Equity No. 75802.

In correspondence with the Clerk of this Court petitioner has indicated that it is his contention that if the motion were allowed he would be eligible for parole immediately and that he could be considered for deportation if paroled after serving an additional 3 to 4 year term in the Massachusetts State Prison as to which a detainer has been lodged with officials of Alcatraz by the Sheriff of Suffolk County, Massachusetts. As the record now stands, petitioner is eligible for Federal parole on August 24, 1962. At the request of the Clerk of this Court petitioner Theodore Green has furnished, for purposes of this motion, the following chronology of his various incarcerations:

1. October 2, 1952 three consecutive sentences in cases Nos. 4256, 4257 and 4264 by the Worcester Superior Court, Meagher, J. for a total of 15½ to 20 years which were to be served in the Mass. State Prison. After verdict the defendant entered a written notice of appeal. (These

will be referred to as the "Worcester Sentence."

2. October 27, 1952, in U. S. District Court, Ford, J., sentenced to a term of 25 years (Cr. No. 52–130) "to begin upon release from prison upon sentence you are now receiving under order of the State Court." (This is the sentence now in issue.)

3. On June 15, 1953, petitioner was further sentenced in case No. 2419 of 1953 by the Suffolk Superior Court, Voke, J. to a term of 3 to 4 years, "to take effect from and after the expiration of sentence Judge Ford imposed on October 27, 1952."

4. On October 15, 1953 sentenced in U. S. District Court, Wyzanski, J. to a federal sentence of 3 years at the Mass. State Prison. Judge Wyzanski further ordered that the sentence he imposed was to be served concurrently with the Worcester Sentence.

5. On February 10, 1954, sentenced in Case No. 254 of 1954 in Suffolk Superior Court, Murray, J. to a term of 5 to 7 years "to take effect from and after the Worcester Sentence."

6. On December 22, 1954, the Worcester Sentence was declared illegal and vacated by the Supreme Judicial Court of Mass., Commonwealth v. Green, 332 Mass. 66, 123 N.E.2d 368.

7. On May 16, 1955, defendant's motion to revoke the Worcester Sentence was allowed by Worcester Superior Court and defendant was thereupon released to the custody of the United States Marshal to commence serving the Federal sentence Judge Ford had imposed on October 27, 1952.

8. The United States Marshal recommitted the defendant as a Federal prisoner in the Mass. State Prison on May 16, 1955. Thereafter, on June 2, 1955, the defendant was transferred to the U. S. Penitentiary at Alcatraz, California, where he is currently imprisoned.

9. On December 8, 1960, Judge Murray, who had originally imposed the 1954 Suffolk sentence ruled on the defendant's motion that the sentence he imposed had continued to run uninterruptedly from the date he imposed same and was to expire on February 9, 1960.

I. As To Petitioner's Contention That the Oral Pronouncement of the Sentence from the Bench Was Too Ambiguous, Equivocal, and Indefinite to Sustain a Judgment for Consecutive Sentences.

The sentence as pronounced by the U. S. District Court read as follows:

"Theodore Green, the Court orders that on this indictment you be sentenced as follows: On Count 1 of the indictment 20 years, on Count 2 of the indictment that you be imprisoned for 20 years, and on Count 3 of the indictment that you be imprisoned for the period of 25 years, said prison sentence to run concurrent and to begin upon your release from prison upon the sentence you are now receiving under order of the State Court."

There is no question from the record but that, in fact, on October 27, 1952, Green was in the custody of the Massachusetts prison authorities serving the three consecutive sentences imposed in State Court on October 2, 1952, by Judge Meagher, in the Worcester Superior Court, in cases numbered 4256, 4257, and 4264, nor is there any doubt that he remained in State custody until May 16, 1955.

The version of 18 U.S.C.A. § 3568 which was in effect in 1948, until its amendment on September 2, 1960 by Public Law 86–691, Sec. 1(a), 74 Stat. 738, provided:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on

which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

The language used in the instant sentence is sufficiently clear to eliminate any doubt as to when the Federal sentence was to begin. As was stated by the Court of Appeals for the Seventh Circuit in United States ex rel. Lombardo v. McDonnell, 153 F.2d 919, 922, certiorari denied 1946, United States ex rel. Durkin v. McDonnell, 328 U.S. 872, 66 S.Ct. 1365, 90 L.Ed. 1641:

"[It excluded] any serious misapprehension of those who must execute [it] and * * * [revealed] with fair certainty the intent of the [court] rendering the [judgment]."

See, also, United States v. Jazorek, 7 Cir., 226 F.2d 693, certiorari denied 1955, 350 U.S. 975, 76 S.Ct. 452, 100 L. Ed. 845; Zahn v. Kipp, 7 Cir., 1955, 218 F.2d 898.

II. As to Petitioner's Contention that the Sentence Imposed by Judge Ford Should Be "Corrected" to Make Its Effective Date October 27, 1952.

In situations in which a defendant is not available to begin serving a Federal sentence at the time of the imposition of sentence, the effective date of commencement of sentence is covered by the provisions of 18 U.S.C.A. § 3568, which provides, in material portion, that the sentence shall begin to run "from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence." These provisions are mandatory and controlling in the case of Federal sentences. Brown v. Commonwealth, 1958, 336 Mass. 718,

123 N.E.2d 368, cited by petitioner, applies to the effective date of sentences in Massachusetts institutions and cannot control the express provisions of Section 3568. See MacIntosh v. Looney, 10 Cir., 249 F.2d 62, certiorari denied 1957, 355 U.S. 935, 78 S.Ct. 418, 2 L.Ed.2d 417.

For a case with facts remarkably similar to those of the instant case, involving the imposition and effective starting date of a Federal sentence pronounced "to commence at the expiration of the sentence now being served in the (State) penitentiary," which involved a subsequent vacating of the State sentence and a question of establishing the commencement date of the Federal sentence, see Crawford v. Taylor, 10 Cir., 1961, 290 F.2d 197, which was decided adversely to the position of the petitioner in the instant case. See, also, Gardner v. United States, 5 Cir., 1960, 274 F.2d 380; and Harrell v. Shuttlework, 5 Cir., 1952, 200 F.2d 490.

Motion denied.