**Theodore GREEN**

v.

**UNITED STATES of America.**

**Misc. Civ. No. 61-42-C.**

United States District Court
D. Massachusetts.

Jan. 30, 1962.

See also 198 F.Supp. 380.

James Vorenberg, Ropes & Gray, Boston, Mass., for Theodore Green.

William J. Koen, Asst. U. S. Atty., Boston, Mass., for the United States.

CAFFREY, District Judge.

Theodore Green, petitioner herein, filed a motion pursuant to 28 U.S.C.A. § 2255, seeking an order "that the sentence in the above-entitled case (United States v. Theodore Green, Cr.No. 52–130) be vacated, on the ground that it was imposed in violation of the laws of the United States by reason the petitioner was not afforded an opportunity to speak in his own behalf before imposition of sentence, as provided in Rule 32(a), Federal Rules of Criminal Procedure [18 U.S.C.A.]."

The Government filed a motion to dismiss and the matter came before the Court on the Government's motion to dismiss. James Vorenberg, Esq., as court-appointed counsel for the petitioner, filed a brief and argued the matter orally. At the oral argument counsel for the Government took the position that the motion to vacate sentence should be dismissed on the theory of *res judicata* by reason of the opinion of the Supreme Court of the United States, handed down last term, in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670.

It has become unnecessary to decide whether or not the Government's contention with respect to the *res judicata* effect of the action of the Supreme Court in Green v. United States, supra, is correct, because of the opinion handed down on Monday, January 22, 1962, in Hill v. United States, 82 S.Ct. 468; 30 Law Week 4121.

In Hill it was conceded that the defendant had not been offered an opportunity to make a statement, as required by Rule 32(a), Federal Rules of Criminal Procedure. Yet the Supreme Court explicitly ruled that such a defendant could not collaterally attack a judgment of conviction under either 28 U.S.C.A. § 2255 or Rule 35, Federal Rules of Criminal Procedure. This ruling is dispositive of the instant motions.

The motion to vacate sentence under Section 2255 is denied. The motion to dismiss is allowed, on the authority of Hill v. United States, supra.