**Theodore GREEN**

v.

**UNITED STATES of America.**

Misc. Civ. No. 61–42–C.

United States District Court
D. Massachusetts.

June 14, 1962.

See also 206 F.Supp. 620.

Theodore Green, pro se, and James Vorenberg (appointed by Court), Boston, Mass., for plaintiff.

William J. Koen, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

On January 30, 1962, this Court handed down an opinion, 201 F.Supp. 804, denying a motion to vacate sentence under 28 U.S.C.A. § 2255 on the basis of Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. On February 27, 1962, petitioner filed a new motion under 28 U.S.C.A. § 2255 seeking that sentence be vacated

"because of the trial judge's failure to afford petitioner an opportunity to speak before sentence was imposed, as provided in Rule 32(a) Federal Rules of Criminal Procedure [18 U. S.C.A.] the petitioner was unable to correct false and misleading statements made by the Assistant United States Attorney in enhancement of the punishment which prejudiced the petitioner to the extent he suffered manifest injustice."

This motion appears to be based on that portion of the Hill opinion in which Mr. Justice Stewart stated, at p. 429, at p. 472 of 82 S.Ct.:

"Nor is it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would have been available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider."

The instant motion is accompanied by an affidavit of petitioner setting forth certain statements which he says were made by the Assistant United States Attorney who prosecuted the case against him. Green says these statements were made in enhancement of the punishment imposed and were false. In the affidavit he also suggests the manner in which he says he would have corrected these statements had he exercised the right of allocution.

Serious doubt is cast upon the good faith of this affidavit since, in paragraph 4 thereof, Green says under oath that in 1952 he would have advised Judge Ford that he was a citizen of Greece, while in connection with another motion filed under Section 2255, he filed an affidavit sworn to on June 29, 1961, in which he says under oath that he is a citizen of the United States. I do not understand how these affidavits, which are mutually contradictory, can possibly both be true. There is nothing in the many files of this Court which indicate any change in Green's citizenship from the time of sentencing to the present moment.

The Court has examined the lengthy pre-sentence report lodged in the files of the Probation Office of this Court, which report was made available to Judge Ford at the time the sentence complained of herein was imposed. This record more than amply supports both the general tenor of the remarks of the prosecutor complained of and the characterization of Green as a "hardened criminal" reported to have been made by Judge Ford at the time of sentence. Green v. United States, 365 U.S. 301, 302, 81 S.Ct. 653, 5 L.Ed.2d 670.

With regard to Green's complaint that the prosecutor referred to him as a "killer," the pre-sentence report discloses that Green was never arrested for or convicted of any homicidal offense and it is obvious that Judge Ford, a highly experienced and capable trial judge, was able to distinguish between argument and opinion of the prosecutor on the one hand and the facts set out in black and white in the pre-sentence report before him on the other hand. I will not indulge in any presumption that a judge of such ability and experience was improperly swayed by either opinions or oratory of an Assistant United States Attorney. Nor will I presume that the sentence was imposed on any other basis than an evaluation of Green in the light of the pre-sentence report.

Motion denied.