**Theodore GREEN**

v.

**UNITED STATES of America.**

**Misc. Civ. No. 61–42–C.**

United States District Court
D. Massachusetts.

June 18, 1962.

See also 206 F.Supp. 619.

Theodore Green, pro se, Paul T. Smith and Manuel Katz, Boston, Mass., for plaintiff.

William J. Koen, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

Movant, Theodore Green, incarcerated in the Federal penitentiary at Alcatraz, California, has filed a motion under 28 U.S.C.A. § 2255 to vacate and set aside his conviction and sentence, on the ground that the conviction was obtained in violation of law because the Assistant United States Attorney who prosecuted the case "remained silent when he well knew that the Government witness, Bistany, was committing perjury when he testified that he had no expectations of leniency by either State or Federal courts by reason of his testimony in the instant case."

Petitioner admits that "the instant motion is a successive motion for similar relief," but urges that it is grounded upon a new set of facts not known to the petitioner at the time of filing his prior motion in 1958. The nub of petitioner's argument is as follows:

"The allegation that the Government prosecutor was aware of promises being made to Bistany is enhanced by five salient facts which are supported by the files and records of the case which includes the pleadings in this collateral action: (1) the fact that he was not indicted in the instant case; (2) the fact that he received a one-day sentence in a Federal case which was pending at the time of his testimony (Exhibit A); (3) the fact that in both State and Federal trials in cases against the petitioner he denied that he had promised leniency for his testimony; (4) the fact that it was later shown that he had in fact been promised immunity (Exhibit B); and (5) the fact that Bistany received an unusual early parole on a natural life sentence which a parole violators warrant was pending at the time of his testimony (Exhibit C)."

The Government has filed a motion to dismiss this particular motion upon the following grounds: (1) that the so-called promises of leniency (Exhibit B) were conditions demanded by a Judge of a Court of the State of New York prior to his granting a request by authorities of Worcester County, Massachusetts, that Bistany be transferred from New York State custody at Dannemora Prison to the Superior Court, County of Worcester, Commonwealth of Massachusetts, to tes-

tify in a criminal prosecution pending in Worcester, and that the so-called "promises of leniency" were in the nature of a writ of prohibition requested by the New York State Court to prevent service of civil or criminal process on Bistany while he was in Massachusetts to testify in the criminal case and to insure his return to New York State custody after the completion of his legal business in Worcester; (2) that the United States did not participate in, was not a party to, and was unaware of the above-described proceedings at any time prior to the instant motion; (3) that the motion does not allege, nor do the files of this case indicate that the so-called "promises of leniency" were made with the knowledge, request, or consent of the Assistant United States Attorney who prosecuted Green; (4) that the files and records of this case, including the Exhibits filed in support of the motion, describe events which occurred at a time long after the testimony of the witness Bistany, so that they were not known to the Assistant United States Attorney at the time of trial; and (5) that the record does not support that the so-called "salient facts" were within the knowledge of the Assistant United States Attorney at the time of trial.

In 1958, movant herein filed an earlier motion under Section 2255 in which he sought to set aside the conviction and vacate the sentence, on the ground that subsequent to his (Green's) trial and conviction, this same Bistany admitted to one Mansur that he (Bistany) had made a "deal" for complete immunity if he would testify to a perjured statement implicating Green and another in the Norwood bank robbery. While the instant motion is more skillfully drawn than its predecessor, presumably with the benefit of paragraphs 11 and 12 of Judge Wyzanski's full and complete analysis of the problem, filed on January 30, 1958 (D.C., 158 F.Supp. 804, 809), all of the matters relied upon in the instant motion were known to petitioner at the time he filed the motion which was denied by Judge Wyzanski, with the exception of the 1960 hearing (Exhibit B), which obviously was not known to the Assistant United States Attorney in 1952.

Even treating this last item as new material, it indicates merely that a promise of immunity was not made to Bistany by State authorities as the price of obtaining his testimony but, on the contrary, was made to a New York Court as a condition of obtaining Bistany's physical presence in Massachusetts.

■ If it be assumed that Green knew none of these five "salient facts" prior to the filing of the Section 2255 motion denied by Judge Wyzanski in 1958, and if it be further assumed, for purposes of this motion, that all five "salient facts" are true, none of them, alone or in combination with each other, would warrant this Court's drawing an inference, from all or any combination of them, that Assistant United States Attorney Hassan was aware that Bistany had been promised any leniency at the time he testified against Green in the Norwood bank robbery case.

■ It might be noted that the record herein is devoid of any credible evidence tending to show either a promise of leniency made to Bistany by the United States Attorney for the District of Massachusetts or by any of his Assistants at any material time, and the record is equally devoid of any credible evidence of knowledge on the part of anyone in the Massachusetts United States Attorney's office of the existence of any promise of immunity made to Bistany by State authorities up to the time of trial in the case numbered Criminal No. 52–130.

28 U.S.C.A. § 2255 provides, in part, as follows:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The instant motion falls within this language. It is a second or successive motion for similar relief on behalf of the same prisoner, and I decline to hold a hearing thereon.

Motion denied.