**Richard LAVOIE, Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6044.**

United States Court of Appeals
First Circuit.

Heard Nov. 8, 1962.

Decided Nov. 21, 1962.

Helen M. Fish, Boston, Mass., for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Defendant-appellant while serving a state sentence in a Massachusetts Correctional Institution escaped, stole a car, kidnapped a correctional official and fled to another state. He was there apprehended by an agent of the F.B.I. and returned to Massachusetts, where he was held in default of bail and tried in the district court. Following conviction he was sentenced, "said prison sentence to begin upon release from State custody upon sentence now being served under order of State Court." He now appeals from an order of the district court denying a motion under Rule 35, Federal Rules of Criminal Procedure, for correction of sentence *nunc pro tunc.*

■■ There is no impropriety in the imposition of a sentence to commence on and after a state court sentence presently being served. Zahn v. Kipp, 7 Cir., 1955, 218 F.2d 898; Hayden v. Warden, United States Penitentiary, McNeil Island, 9 Cir., 1941, 124 F.2d 514. Defendant's sole point is that because of his escape and apprehension by federal officials he was not technically in state custody, and that this situation constitutes an exception to the general principle. Even if defendant's premise is accurate, the conclusion is not. Cf. Taylor v. Baker, 10 Cir., 1960, 284 F.2d 43, cert. den. 365 U. S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693, and cases cited.

Judgment will be entered affirming the order of the District Court.