Theodore GREEN, Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 6253.

United States Court of Appeals
First Circuit.

June 25, 1964.

*Mass Civil #63-50*

Manuel Katz, Boston, Mass., for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal from orders of the United States District Court for the District of Massachusetts denying motions and petitions variously entitled filed by the appellant, *pro se,* in further efforts to have his sentence for armed bank robbery set aside, or at least reduced by making it commence as of the date of its imposition. We allowed Green to prosecute his appeal *in forma pauperis* on the original papers and at his request appointed counsel to represent him on appeal.

In the fall of 1952 Green was tried by jury in the court below and found guilty of armed bank robbery in violation of Title 18 U.S.C. § 2113(a) and (d). On October 27, 1952, the court below imposed sentences to begin upon Green's release from state prison where he was then serving a state court sentence. Throughout his trial and at post-trial proceedings Green was represented by two members of the Massachusetts bar of his own choice, both well known by this court to be men of experience and competence in the defense of persons accused of crime. Notice of appeal signed by both of Green's counsel was timely filed in duplicate in the court below. The duplicate notice and a statement of the docket entries were forwarded to this court as required by Criminal Rule 37(a)(1) (2).

On December 10, 1952, the court below on application of counsel enlarged the time for filing and docketing Green's appeal to January 12, 1953—the 70th day—and on December 29, 1952, the court below further enlarged the time for filing and docketing the appeal to February 2, 1953—the 90th day. On December 31, 1952, the court below granted Green leave to prosecute his appeal *in forma pauperis* and ordered that he be furnished with a transcript of the evidence at his trial at government expense.[1] Green's appeal was not docketed by February 2, 1953, and no further applications for enlarging the time for filing and docketing were made in either the court below or in this court, although such applications might have been made in either court under Criminal Rule 39 (c), since under that Rule the time for filing and docketing appeals may be extended indefinitely.

Over two months after the time of docketing expired, on April 9, 1953, an assistant United States Attorney filed a motion in this court to docket and dismiss Green's appeal for want of prosecution with proof of service upon both counsel of record for Green in the court below. The motion was accompanied by the certificate of the clerk of the district court as required by our Rule 21(3) and was returnable under our then Rule 26 on April 15, 1953. Neither counsel for Green having filed any memorandum in opposition or counter-motion, the government's motion to docket and dismiss was submitted to this court on its return day and two days later, April 17, the court entered an order docketing the case and dismissing Green's appeal for want of diligent prosecution. Over the intervening years this court has heard nothing further on behalf of Green from either of his counsel of record in the court below, both of whom, although they withdrew their appearances for a co-defendant, remain to this day Green's counsel of record in that court.[2]

But this does not mean that we have not heard from Green. On the contrary, since 1955 Green has resorted to one legal maneuver after another in the endeavor to have his sentence set aside or reduced. See Green v. United States, 238 F.2d 400 (C.A.1, 1956); Id., 256 F.2d 483, cert. denied, 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958); Id., 273 F.2d 216 and 274 F.2d 59, respectively (1959) and (1960); affirmed, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). See also 313 F.2d 6, cert. dismissed, 372 U.S.

---

1. A copy of the transcript in 9 volumes was filed in the court below on February 18, 1953.

2. One of Green's counsel died on January 12, 1955; the other is still active at the bar in the defense of criminal cases.

951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963), wherein we directed that Green be given a hearing in the court below at which he was not successful, 219 F.Supp. 750 (D. Mass.1963). In addition see 198 F.Supp. 380 (D.Mass.1961), 201 F.Supp. 804 (D. Mass.1962). So far, as this court noted the last time Green was here, "his efforts have not been crowned with conspicuous success." While he is not still in Alcatraz, he is still in confinement, now at Lewisburg, Pennsylvania.

There is no need to catalogue the allegations and contentions made and advanced in the various motions and petitions considered only to be rejected by the court below. Passing those that have been considered and rejected by this court on previous occasions and those that are clearly insufficient as a matter of law, we come directly to the primary contention advanced on this appeal. That contention is that this court deprived Green of his federal constitutional rights to representation by counsel, to due process of law and to the equal protection of the laws when it dismissed his original *in forma pauperis* appeal for want of diligent prosecution in April 1953 without first advising Green of his right to counsel and then, unless satisfied that Green had either voluntarily and intelligently elected to abandon his appeal or to proceed without counsel, assigning counsel to represent him on appeal. In short, we are asked to strike the default entered against Green eleven years ago, reinstate his appeal and appoint counsel to prosecute it now.

■ It is true that inasmuch as Green's appeal was docketed only to be dismissed there was no formal appearance of counsel for him in this court. But he had fully competent counsel of his own choice in the court below who had filed notice of appeal on his behalf as this court well knew from the copy of that document in its files. There being nothing to indicate that Green's

counsel might no longer be representing him, the government properly served them with notice of its motion to dismiss, and this court properly notified them of the action taken on that motion after hearing nothing from either of them. This court thought then and still thinks that Green's rights were fully protected by treating his counsel in the court below as still representing him on appeal. To have assumed otherwise and to have appointed counsel in their place would have been to assume that Green's counsel were so derelict in their duty as members of the bar as to abandon their client without notice in mid-course of litigation. We cannot believe that counsel of the calibre involved would cease to represent their client without withdrawing their appearances in the court below, or, after notice of the government's motion and this court's action thereon, without notifying this court that they no longer represented Green. Having every reason to believe and no reason to doubt that Green was represented by competent counsel of his own choice, this court saw no occasion to appoint counsel for him. Indeed, to have done so under the circumstances would have been only to invite confusion in the prosecution of the appeal.

■ Moreover, the point is made far too late. Had counsel in fact abandoned Green without notice, which we can hardly believe, Green surely must have known that fact many years ago. He certainly could not have been unaware for over a decade that his appeal had not been prosecuted. Yet, in spite of the fact that over the intervening years Green has shown remarkable ingenuity in thinking up reasons for setting aside or reducing his sentence, and in spite of the fact that on some previous occasions he has been represented by court-appointed counsel, this is the first time the suggestion has been made that his appeal should be reinstated.[3] The strong

3. We reject the suggestion by Green's present counsel that this court in the past has held Green to the high standard of legal skill to be expected from members of the bar. Our opinions and those of the court below show full and careful consideration

public policy favoring prompt disposition of criminal appeals embodied in Criminal Rules 37(a) (2) and 39(d) is not to be frustrated and set at naught without the best of reasons.[4]

Ignoring technical deficiencies in the pleadings, as this court has done in Green's cases in the past, we come directly to the second contention presented on this appeal. That is that Green should be given credit on the sentence he is now serving for time served on the state court sentence he was serving when he was convicted in the court below.

A catalogue of the sentences imposed upon Green in the Massachusetts Superior Court and in the court below appears in the opinion of the latter court reported 198 F.Supp. 380 (D.Mass.1961) wherein the contention presently under consideration was made and rejected. It will suffice to say that on October 2, 1952, Green was sentenced in the Massachusetts Superior Court to 15½ to 20 years and that the sentence imposed upon Green in the court below on October 27, 1952, which he is now serving, was pronounced "to begin upon release from prison upon sentence you are now serving under order of the state court." The state court sentence was reversed *sub nomine*, Commonwealth v. Domanski, 332 Mass. 66, 123 N.E.2d 368, on December 22, 1954, and on May 16, 1955, Green was released from state custody on bail only to be picked up by a federal marshal to commence serving his present sentence imposed in the court below on October 27, 1952.

■ Certainly there is no impropriety, indeed no impropriety is suggested, in imposing a federal sentence to commence upon completion of a state sentence presently being served. Lavoie v. United States, 310 F.2d 117, 118 (C.A.1, 1962), and cases cited. The argument is that Green's state sentence

having been reversed, was void, and hence in law never existed, so that his federal sentence should be held to commence on the day it was imposed. The argument has a certain appeal. But Title 18 U.S.C. § 3568 categorically and explicitly provides: "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of said sentence. * * * " And further: "No sentence shall prescribe any other method of computing the term."

■ This statutory command is absolute and has been held to be so in fully considered opinions in other circuits, with the result that a federal sentence cannot commence to run until completion of service of a state sentence imposed after the sentence being served by the prisoner at the time of imposition of his federal sentence, such as a sentence for escape or for assaulting a prison guard. See Taylor v. Baker, 284 F.2d 43 (C.A.10, 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961), and Lamb v. Heritage, 310 F.2d 71 (C.A.5, 1962), and cases cited.

Ekberg v. United States, 167 F.2d 380 (C.A.1, 1948), is not in point for in that case this court was concerned with consecutive federal sentences.

■ The only remaining contention is that Green was discriminated against because after trial he was given a longer sentence than a co-defendant who pleaded guilty to one count of the indictment on the understanding that as to him the other two counts would be dismissed and who thereafter testified for the prosecution. It is too frivolous to merit discussion.

Judgment will be entered affirming the orders of the District Court.

---

of the questions however inartistically Green might have presented them. And from personal knowledge we also reject the suggestion that Green's court-appointed counsel in the past have appeared more as *amici curiae* than as advocates.

4. Rule 37(a) (2) provides that appeals in criminal cases must be taken within 10 days after entry of judgment, and Rule 39(d) provides that appeals in criminal cases shall be given preference over appeals in civil cases.

ALDRICH, Circuit Judge (concurring in part and dissenting in part).

I concur in the main in the court's opinion, but I cannot with regard to what the court defines as the refusal of credit for time served in the state court on a void sentence. The question is whether an unjust result is to be accepted because a statute permits no other; at least I read in the court's opinion no belief that its result is fair, but only that it is dictated.

The 25-year sentence which Green is now serving was imposed by the district court in October 1952 to commence after a sentence then being served in the state court. In October 1953 Green received another federal sentence, but this one was for three years, and was ordered to be served concurrently with the state court sentence. In December 1954 Green's state court sentence was vacated, *sub. nom.* Commonwealth v. Domanski, 332 Mass. 66, 123 N.E.2d 368, but he was continued in state custody until released in May 1955, at which time he was given over to the United States Marshal. Green asks for a declaration that service of his present sentence be regarded as having commenced not in May 1955, but in October 1952, or, at the latest, in October 1953.

Had he been all the while in a federal penitentiary Green's result would certainly have been reached upon the voiding of the first of consecutive sentences. Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380. The court's position is that the case at bar is different in that since Green was in state prison, whether lawfully or not, he had not been "received at the penitentiary, reformatory or jail for service of said [federal] sentence. * * " 18 U.S.C. § 3568. However, it may be

noted that Green did not need to be in a federal institution to satisfy the requirements of that section. Under 18 U.S.C. § 4082 he could have been confined in any state or federal institution designated by the Attorney General. And, in fact, commencing in October 1953, in conformity with the recommendation of concurrency made by the district court in its second sentence, cf. Montos v. United States, 7 Cir., 1958, 261 F.2d 39, the Attorney General did designate the state institution. The government record in the file recognizes that service of the second federal sentence began forthwith.

From and after October 1953 I see only the most technical, if any, difference between this case and Ekberg. It is true that Green was not serving the first federal sentence at the time that he was in the state prison, but only the second. But by the same token Ekberg was not serving the second federal sentence when he was in the federal penitentiary pursuant to the first. McNally v. Hill, Warden, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Kay v. United States, 6 Cir., 1960, 279 F.2d 734. The result in the Ekberg case was not reached on technical, legal grounds, but on grounds of justice.

Furthermore, I would not have Green's credit date back simply to October 1953. As a matter of principle it should go back to October 1952. Indeed, if it were to go back only to 1953 this would establish a singular rule that a man who is given a second federal sentence is better off than one who received only one. It is my view that a prisoner who has served what proves to be bad time under a void sentence should be entitled on familiar equitable principles to have that time applied to a pending * on and after

---

* I do not mean by this that the federal sentence is to relate back to include the whole of the state court sentence, but only to the date that the federal service would have commenced had it been realized that the state court sentence was void. The former might be socially just, but I think the latter is supportable legally as well, on the grounds of mistake. Nor would

I suggest that it was open to a prisoner to bring federal proceedings claiming that a state court sentence should have been held void in order to obtain the benefit of this rule. The principle of fairness that I suggest is limited to the case where a sentence is voided as of course by the jurisdiction that imposed it, and not reimposed.

sentence, and that to deny this by drawing state and federal lines is unjustifiable.

I find nothing in the cases cited by the court, or in the further similar cases cited by the district court, 198 F.Supp. 380 at 383, to the contrary. In those cases a prisoner was given a federal sentence, service to commence upon release from state custody under a state sentence then being served. Thereafter he was given a second state sentence, and held in further state custody. The rejection of his argument that he was to be regarded as having started serving his federal sentence when his first state sentence terminated, i. e., concurrently with the subsequently imposed second state sentence, seems to me both sound and distinguishable from the present case.