**Jack BLASENSTEIN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.

March 31, 1965.

Jack Blasenstein, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City, for the United States; John A. Stichter, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

Petitioner, having received a suspended sentence under which he was placed on probation in May 1960, now moves under Section 2255 of Title 28, United States Code, to vacate the sentence on the ground that it was not imposed within a reasonable time as required by Rule 32 (a) of the Federal Rules of Criminal Procedure,[1] as well as by the Sixth Amendment. On May 7, 1959 petitioner, while serving an indeterminate sentence, was brought to this Court on a writ ad prosequendum. Upon arraignment he pleaded guilty to an indictment charging him with unlawful interstate transportation of forged securities. His counsel requested immediate imposition of sentence and urged the Court to provide that any term imposed run concurrently with the State sentence. The Court declared it

---

1. Fed.R.Crim.P. 32(a) provides, in part: "Sentence shall be imposed without unreasonable delay."

was powerless to so provide,[2] but suggested that sentencing be deferred until petitioner completed his State term. Government and defense counsel acquiesced, the latter stating that "I would like to keep the case open without any sentence whatsoever." The case was then marked off the calendar and a bench warrant was lodged as a detainer. Upon completion of his State sentence, petitioner was brought before this Court and on May 5, 1960 the sentence now under attack was imposed. In July 1961 petitioner was charged with violation of probation and a bench warrant issued for his arrest. In May 1963 he was brought before the Court and, upon his admitting the violation, the probation was revoked and he was sentenced to a term of three years on the 1960 conviction.

Petitioner is not entitled to the relief sought. It is manifest from the transcript of the arraignment proceedings in May 1959 that, through counsel, he acquiesced in the postponement of the sentence; it was intended for his benefit and so it developed. In that circumstance the delay cannot be considered unreasonable.[3]

In any event, petitioner is unable to show that he was prejudiced by the delay or would benefit from resentencing. Since the acts which caused revocation of probation and imposition of the current

three-year sentence occurred sometime in 1961, it mattered not whether the five-year probation period began to run from May 1959 or from May 1960.[4]

The motion is denied.

---

**2.** Although the Court was correct, 18 U.S. C. §§ 3568 and 4082, read together, permit the Court to recommend to the Attorney General that sentence run concurrently with an existing State sentence. See Green v. United States, 334 F.2d 733 (1st Cir. 1964); Larios v. Madigan, 299 F.2d 98 (9th Cir. 1962); "Institute on Sentencing," 35 F.R.D. 381, 403 (1964). Cf. Werntz v. Looney, 208 F.2d 102, 104 (10th Cir. 1953). Cases seemingly to the contrary uniformly involve judgments silent as to concurrency or expressing the sentencing judge's intent that there be no concurrency. E.g., Burge v. United States, 332 F.2d 171 (8th Cir. 1964); Williams v. Taylor, 327 F.2d 322 (10th Cir.), cert. denied, 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (1964); Lavoie v. United States, 310 F.

2d 117 (1st Cir. 1962); Taylor v. Baker, 284 F.2d 43 (10th Cir. 1960).

**3.** See Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Treakle v. United States, 327 F.2d 82 (9th Cir. 1964); United States v. Grabina, 309 F.2d 783 (2d Cir. 1962), cert. denied, 374 U.S. 836, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963); United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958).

**4.** Cf. United States v. Carminati, 25 F.R. D. 31 (S.D.N.Y.), aff'd sub nom. United States v. Galgano, 281 F.2d 908, 912 (2d Cir. 1960), cert. denied sub nom. Carminati v. United States, 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961).