Merritt Neal STEPP, Jr., Petitioner-Appellant,

v.

R. W. LUTZ, Chief, Bureau of Probation and Parole, State of Ohio, Respondent-Appellee.

No. 16139.

United States Court of Appeals Sixth Circuit.

July 14, 1965.

Merritt Neal Stepp, Jr., in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before CECIL, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Southern District of Ohio denying the petition of the petitioner-appellant for a writ of habeas corpus.

The appellant was convicted of the crime of armed robbery in the Common Pleas Court of Cuyahoga County, Ohio, and committed to the Ohio State Reformatory on March 25, 1954, to serve a sentence of ten to twenty-five years. He was paroled on March 28, 1957, and returned to custody as a parole violator on August 20, 1958. The appellant was paroled

a second time on March 18, 1960. He failed to report to his parole officer for a period of five months and on March 14, 1961, he was declared a parole violator at large.

On or about August 8, 1961, the appellant was arrested by the Cleveland, Ohio, police and by them turned over to federal authorities for prosecution under the Dyer Act. (Transporting a stolen motor vehicle across state lines. Section 2312, Title 18, U.S.C.) He was convicted in the Federal Court and sentenced to the United States Penitentiary, at Lewisburg, Pennsylvania. He was later transferred to the United States Penitentiary, at Terre Haute, Indiana. He was released on parole from this institution on March 12, 1964. At the time the appellant started to serve his federal sentence, the state of Ohio placed a detainer against him as a parole violator, based on the declaration of violation of March 14, 1961. He was extradited and returned to the custody of Ohio on March 14, 1964. He is now confined on his sentence of 1954, as a parole violator. It is this imprisonment of which he now complains.

■■ At the time the appellant was arrested by the Cleveland police, in 1961, he was wanted by two sovereign jurisdictions, the United States and the state of Ohio. The arrest by the Cleveland police did not operate automatically to reinstate his state sentence as a parole violator. The Cleveland police could turn him over to either authority. They turned him over to the United States and this in no way satisfied his debt to the state of Ohio or constituted a waiver by the state of Ohio to exact enforcement of the appellant's further imprisonment as a parole violator. A parole violator, in Ohio, does not begin to serve the continuation of his sentence until he is returned to a penal institution under order of the parole board. Section 2965.21 Revised Code of Ohio.

■ The petitioner is not entitled to release either because he has been put in double jeopardy or because the state of Ohio waived its jurisdiction over him. See Ponzi v. Fessenden, 258 U.S. 254,

42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Lavoie v. United States, 310 F.2d 117, C.A.1; Strand v. Schmittroth, 251 F.2d 590, C.A.9; Zahn v. Kipp, 218 F.2d 898, C.A.7; Nolan v. United States, 163 F.2d 768, C.A.8, cert. den. 333 U.S. 846, 68 S.Ct. 649, 92 L.Ed. 1130; Powell v. Sanford, 156 F.2d 355, C.A.5.

Judgment of the District Court is affirmed.