An order will be entered accordingly.

**Theodore GREEN**

v.

**UNITED STATES of America.**

**Civ. A. No. 65–713–C.**

United States District Court
D. Massachusetts.

Dec. 13, 1965.

Theodore Green, pro se.

CAFFREY, District Judge.

Undaunted by what the Court of Appeals for this Circuit about three years ago characterized as a lack of conspicuous success in previous litigation, (see Green v. United States, 1 Cir., 238 F.2d 400 (1956); 158 F.Supp. 804 (D.Mass. 1958), aff'd. 256 F.2d 483 (1st Cir. 1958), cert. denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958); 24 F.R.D. 130 (D. Mass.1959), aff'd. 273 F.2d 216 (1st Cir. 1959), aff'd. 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Crim.No. 52–130, D.Mass., October 15, 1959, aff'd. 274 F.2d 59, 60 (1st Cir. 1960), aff'd. 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); 198 F.Supp. 380 (D.Mass.1961); 201 F.Supp. 804 (D.Mass.1962); 206 F.Supp. 619 (D. Mass.1962), reversed 313 F.2d 6 (1st Cir. 1963), cert. dismissed 372 U.S. 951, 83 S. Ct. 948, 9 L.Ed.2d 976 (1963); 206 F. Supp. 620 (D.Mass.1962), aff'd. 313 F.2d 6 (1st Cir. 1963), cert. dismissed 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963); 219 F.Supp. 750 (D.Mass.1963); Misc.Civil No. 63–50, D.Mass., October 21, 1963, aff'd. 334 F.2d 733 (1st Cir. 1964), cert. denied, 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); Civil Action No. 64–724, D.Mass., April 5, 1965, appeal dismissed under Rule 25(3) as patently lacking in merit, No. 6537, 1st Cir., May 13, 1965), petitioner Theodore Green has once again filed motions under 28 U.S.C. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure seeking to vacate, set aside, or reduce his sentence.

It would serve no useful purpose to set forth in detail the allegations of the latest in an apparently endless stream of mo-

tions filed by Mr. Green. Briefly, he contends that his sentence was imposed in violation of the laws of the United States because he was not afforded an opportunity to speak in his own behalf before imposition of sentence. This point has been before this and other courts a number of times and was finally determined adversely to Green after a full evidentiary-type hearing, at which he and others appeared and testified and at which he was represented by two experienced court-appointed attorneys. Green v. United States, D.C., 219 F.Supp. 750 (1963). For earlier decisions on the same issue, see Green v. United States, 24 F.R.D. 130 (D.Mass.1959), aff'd. 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Green v. United States, D.C., 201 F.Supp. 804 (1962); Green v. United States, 206 F.Supp. 619 (D.Mass. 1962); reversed 313 F.2d 6 (1st Cir. 1963), cert. dismissed 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963). Green has had his day in court on this issue. And, Green's Rule 35 motion, in one version or another, has been determined adversely to him. Green v. United States, Crim.No. 52–130, D.Mass., October 15, 1959, aff'd. 274 F.2d 59, 60 (1st Cir. 1960), aff'd. 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Green v. United States, 198 F.Supp. 380 (1961); Green v. United States, Misc.Civil No. 63–50, D.Mass., October 21, 1963, aff'd. 334 F. 2d 733 (1st Cir. 1964), cert. denied 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); Green v. United States, Civil Action No. 64–724, D.Mass., April 5, 1965, appeal dismissed under Rule 25(3) as patently lacking in merit, No. 6537 1st Cir., May 13, 1965.

In short, it is clear that if the provision of 28 U.S.C. § 2255 that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner" has any force and effect, this is the case for its application.

■ Petitioner has requested the Court to disqualify himself on one of the three motions contained herein on the ground that the Court "may have sub-conscious prefixed opinions." I rule that the affidavit of prejudice, premised as it is solely on petitioner's speculation as to a subconscious mental condition of the Court, is legally insufficient, and it is

Ordered:

Motion to vacate sentence, motion for appointment of counsel, motion for relief, motion requesting The Honorable Andrew Caffrey to withdraw himself, and a supplemental motion to vacate sentence filed this date, which amounts to a paraphrase of this petitioner's oft-repeated contentions regarding the right of allocution, denied.