## Norfolk

## VAN PRINCE WELCH

v.

## DIRECTOR, DEPARTMENT OF CORRECTIONS

No. 0138-84

No oral Argument

Decided November 6, 1985

COUNSEL

(Van Prince Welch, on brief), for appellant. Appellant submitting on brief.

No brief or argument for appellee, Director, Department of Corrections

OPINION

**HODGES, J.**—This is an appeal from a final order of the Circuit Court dismissing a petition for a writ of habeas corpus filed by Van Prince Welch, the petitioner. In addition, petitioner has filed in this court a motion to compel a response from respondent, the Director of the Department of Corrections.

It appears from the petitioner's pleadings that on October 4, 1978, he was convicted of robbery with a firearm by a North Carolina court and sentenced to a term of forty to fifty years in the state penitentiary. He was again convicted in North Carolina on October 26, 1978, of common law robbery and sentenced to serve a concurrent term of ten years. On April 25, 1979, the petitioner was convicted of robbery by a jury in the Circuit Court of the City of Norfolk, Virginia, and sentenced to fifteen years for that offense. In May, 1979, following the conviction in Norfolk, petitioner was returned to North Carolina to resume serving his sentences. Virginia correction authorities filed a detainer with North Carolina to ensure that petitioner would be returned to Vir-

ginia to begin serving his sentence here upon the completion of his term of confinement in North Carolina.

Addressing first the motion to compel a response, we can find no authority in the Rules of Court or in the Code of Virginia which would authorize us to grant the relief requested. Therefore, the motion is denied.

The petitioner bases his appeal on two contentions: (1) that he has fully served the fifteen year sentence imposed upon him by the Circuit Court of the City of Norfolk on April 25, 1979; and (2) that he is entitled to credit for four months spent in the Norfolk City Jail between January, 1979, and May, 1979, while being held for trial.

The petitioner was granted a new trial on the charge of armed robbery by the Court of Appeals of North Carolina and on June 5, 1984, was acquitted of that offense on retrial. He contends that because of the out-of-state detainer from Virginia, he was denied consideration for work release or parole on the concurrent ten year sentence in North Carolina for common law robbery. He argues that he should have been given credit on the Virginia sentence for all time served after his earliest release eligibility date in North Carolina, which occurred after serving one-fourth of his sentence. He further alleges that if this credit was given, he would have satisfied his Virginia sentence. We find no merit in this argument.

■ In *Smyth v. Holland,* 199 Va. 92, 97 S.E.2d 745, *cert. denied,* 357 U.S. 944 (1957) the Supreme Court of Virginia stated that:

[T]he only question which the writ presents is whether or not the prisoner "is detained without lawful authority." (citation omitted). Thus, the scope of inquiry is limited to the propriety of the prisoner's present detention, that is, whether his detention is by due process of law.

*Id.* at 96-97, 97 S.E.2d at 748.

■ In *Smyth v. Midgett,* 199 Va. 727, 101 S.E.2d 575 (1958) the court further stated that:

A court does not have jurisdiction to determine the validity of a sentence under which the prisoner is not being detained. It follows that where a prisoner is being detained under a valid sentence he is not entitled to credit for time served on a void sentence fully served before the proceeding for writ of habeas corpus is instituted.

*Id.* at 730, 101 S.E.2d at 578.

■ We can find no authority requiring the courts of this state to give credit to prisoners legally incarcerated here for time served on a void sentence in another state. There are a number of cases holding that such credit need not be given. *See Green v. United States,* 334 F.2d 733 (1st Cir. 1964), *cert. denied,* 380 U.S. 980 (1965); *Scott v. United States,* 434 F.2d 11 (5th Cir. 1970).

The second contention of petitioner is that he was not credited with time spent in the Norfolk City Jail prior to his conviction and sentencing on the Virginia charges. However, the record from the Circuit Court indicates that petitioner was fully credited with the time; his contention is, therefore, without merit.

For the foregoing reasons, the decision of the Circuit Court is affirmed.

*Affirmed.*

Baker, J., and Barrow, J., concurred.