105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Hawthorne DAY, Petitioner-Appellant,
v.
J.J. CLARK, Respondent-Appellee
 No. 96-1232.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Dec. 9, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The issue in this habeas corpus case is whether the Bureau of Prisons ("BOP") correctly calculated Day's federal term of imprisonment. The district court found that it did and denied the petition. We affirm.
 
 Background
 
 2
 In 1975, Day was convicted in Maryland state court of robbery and possession of a deadly weapon and sentenced to 15 years' imprisonment. Day escaped on September 25, 1980 and was returned to state custody on February 25, 1981. During his escape, Day committed several bank robberies for which he was indicted in both the state and federal systems.
 
 
 3
 Day entered into a plea agreement on the federal charges under which he would plead guilty to two counts of the indictment and the other counts would be dismissed. The district court accepted the plea. On June 3, 1981, the district court sentenced Day to a 20 year term of imprisonment "to run consecutively to the sentence currently being served by [Day] in state prison," and, on June 5, 1981, sentenced him to ten years' imprisonment "to run consecutively to any State sentence [Day] is currently serving or may be serving in the future, and also consecutively to the twenty (20) year sentence [imposed on June 3]." Day's motions to reduce these sentences were denied. He did not appeal.
 
 
 4
 On October 9, 1981, the state court sentenced Day to a 25 year, non-parole eligible term of imprisonment for various violations of state law in connection with his activities while on escape, to run concurrently with the remainder of his earlier state sentence. However, in September of 1988, this sentence was "ruled illegal, and Petitioner's sentence was adjusted to twenty years"[1] with the possibility of parole. (Report and Recommendation in Day v. United States, No. L 93-462, at 3 (D.Md. Oct. 15, 1993).)
 
 
 5
 In 1981, the United States District Court for the District of Maryland resolved a state prisoners' class action suit against the Maryland prison system by ordering the parole of approximately 50 prisoners with federal detainers imposed for previous federal sentences.[2] (Order in Nelson v. Collins, No. H-77-116 (D.Md. Apr. 27, 1981) ("Nelson Order")); see also Nelson v. Collins, 659 F.2d 420, 423 (4th Cir.1981) (explaining history of proceedings). Day was ineligible for this parole to federal detainer because, at that time, he was under a non-parole state sentence.[3] However, in February of 1990, after his non-parole sentence was deemed illegal and the new sentence imposed, Day was paroled pursuant to the Nelson Order and was incarcerated at the United States Penitentiary at Terre Haute, Indiana.[4]
 
 
 6
 Day initially filed a § 2255 petition in the federal district court of Maryland. That court held it was without jurisdiction to decide the case because a challenge to sentence computation must be brought under 28 U.S.C. § 2241 in the district of incarceration. That court also advised Day that he must exhaust his administrative remedies prior to seeking court action. Day proceeded to seek relief from the BOP. When these attempts failed, he brought this action.
 
 
 7
 In his petition, Day raised two claims: first, that he was not sentenced in accordance with his plea agreement, and second, that he was denied credit for time served.[5] In his Declaration, Day argued that he agreed to plead guilty on the understanding that the federal sentences would be imposed to run consecutively to the state term he was already serving, and that this was material to the plea agreement because he knew more state charges were pending. (Decl. of Day at 1.) He also argued that he deserved credit for the time he spent in state custody because, absent the illegal non-parole state sentence, he would have been paroled to his federal sentence in early 1982. (Decl. of Day at 2.) The district court denied the petition on the ground that the BOP credited Day with all the time he actually spent in federal custody consistent with the requirements of federal law.
 
 
 8
 On appeal, Day raises three claims. First, he argues that the BOP improperly failed to credit him with time he spent in state prison after the completion of his first state sentence in contradiction of the federal sentencing judge's clearly worded sentencing order. Second, he argues that the BOP failed to credit his federal sentence with time he served in state prison as a result of the state sentence which was later invalidated and which prevented his parole to federal custody under the Nelson Order. Third, he argues that the BOP improperly failed to designate the state prison for service of his federal sentence. We review de novo a district court's denial of a petition for writ of habeas corpus. Rodriguez v. Peters, 63 F.3d 546, 554 (7th Cir.1995).
 
 Analysis
 Credits for Time Spent in State Custody
 
 9
 In this case, 18 U.S.C. § 3568 governs the calculation of Day's federal sentence.[6] This statute provides in part:
 
 
 10
 The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense ... which is in violation of an Act of Congress and is triable in any court established by Act of Congress.
 
 
 11
 The Attorney General, through the BOP, implements this provision. United States v. Wilson, 503 U.S. 329, 331 (1992).
 
 
 12
 Courts uniformly have construed § 3568 strictly. See, e.g., Jackson v. Brennan, 924 F.2d 725 (7th Cir.1992); Meagher v. Clark, 943 F.2d 1277 (11th Cir.1991); Pinaud v. James, 851 F.2d 27 (2d Cir.1988); Scott v. United States, 434 F.2d 11 (5th Cir.1970); Anderson v. United States, 405 F.2d 492 (10th Cir.), cert. denied, 394 U.S. 965 (1969); United States v. Green, 334 F.2d 733 (1st Cir.1964), cert. denied, 380 U.S. 980 (1965). A federal sentence does not begin to run until a prisoner has been actually received into federal custody. See Pinaud, 851 F.2d at 30 (while state sentence was imposed to run concurrent to federal sentence, under § 3568 federal sentence did not begin to run until prisoner was delivered into federal custody even though this had effect of making state and federal sentences consecutive); Scott, 434 F.2d at 20 ("It is beyond the power of any judge ... to vary the terms of ... § 3568, which provides that the sentence of imprisonment ... shall commence to run from the date on which such person is received at the penitentiary.") Further, a federal prisoner is not entitled to credit for time spent serving a state sentence, even if the state sentence is later invalidated. See Meagher, 943 F.2d at 1283 (under § 3568, federal prisoner could not receive credit for time spent serving a state sentence, even though state sentence was subsequently vacated and there was a federal detainer on him for entire time he was serving state sentence). Pinaud, 851 F.2d at 30-31 (same); Scott, 434 F.2d at 21-22 (same); Green, 334 F.2d at 736 (same); see also Holleman v. United States, 612 F.Supp. 384, 387 (N.D.Ind.1985) ("Time served on an unrelated state sentence that has been voided cannot be credited against a federal sentence") (citing Scott, supra & Green, supra ). As this Court has explained "[Section] 3568 does not require that the federal prison system give [a prisoner] credit for his [non-federal] custody [when] that custody was pursuant to the laws of, and under the complete control of, a sovereign other than the federal government." Jackson, 924 F.2d at 728-9.
 
 
 13
 The BOP's denial of any credit to Day's federal sentence based on time he spent in state custody was correct, whether or not he was validly in state custody. Day's federal sentence did not begin to run until he was received by the federal penitentiary on February 25, 1990. Since then, Day has been credited with all time actually spent in federal custody. We have no power to direct that his federal sentence be deemed to begin at the completion of his first state sentence. Further, § 3568 does not entitle Day to credit for the time he served in the custody of a separate sovereign. Thus, even if the State of Maryland should have released Day at the end of his first state sentence, or should have paroled him under the Nelson Order in 1982, he is not entitled to federal credit for the alleged mistakes of a separate sovereign.
 
 
 14
 Designation of State Prison for Service of Federal Sentence[7]
 
 
 15
 Finally, Day argues that the BOP improperly failed to designate the state prison for service of his federal sentence pursuant to BOP Program Statement 5160.2. According to BOP Program Statement 5160.2, the BOP may designate a non-federal institution for service of a federal sentence when it would be consistent with the intent of the federal sentencing court. Id. at 2. Such a designation would have the effect of making the federal and state sentences concurrent. As the district court made clear in Day's sentencing orders, it intended Day's federal sentences to run consecutive to his state sentences. Thus, the BOP was correct in denying Day's request to designate the Maryland prison for his federal service.
 
 
 16
 For the foregoing reasons, the district court judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a), Cir.R 34(f)
 
 
 [1]
 Although both Day and Clark discuss this event, neither cite the underlying reason Day's second state sentence was found to be illegal. The Report and Recommendation merely states it was "for reasons not relevant to this case" (Report and Recommendation at 3.) Neither does a review of the record reveal the reason or even the court that made this decision
 
 
 [2]
 The order mandates that the Parole Commission prepare a list of approximately 50 volunteer prisoners with federal detainers according to criteria agreed upon by the court, the plaintiffs, the United States Bureau of Prisons and the Maryland Parole Commission. The transfer would occur once the list had been approved by the court and a transfer order entered
 
 
 [3]
 Day claims that he "was one of the referrals submitted to the Maryland Parole Commission" to participate in this program (Decl of Day at 2.) There is no other support for this claim in the record
 
 
 [4]
 The Maryland Parole Commission stated "This Order for Release on Parole does not and should not be read or interpreted to mean that this inmate ... meets the Maryland Parole Commissions' Criteria for Parole or is a fit and proper subject for parole." (Letter from Maryland Parole Commission to James Day of 2/5/90.)
 
 
 [5]
 The district court seems to have translated Day's claims as follows: "Day claims that (a) the first federal sentence was ordered to be served consecutive to the first state sentence, not the second state sentence, (b) he should be considered as if he was paroled from state custody in 1982 rather than in 1990, and hence given credit for the intervening period." (Order in Day v. Clark, No. TH 95-228-C-T/H, at 2 (S.D.Ind. Jan. 11, 1996).) The district court did not address Day's claim regarding the plea agreement in its Order
 
 
 [6]
 18 U.S.C. § 3568 was repealed as part of the Sentencing Reform Act. See Pub.L. 98-473, Title II, c. II, §§ 212(a)(2) & 235(a)(1), 98 Stat.1987, 2031 (1984). However, for crimes committed before November 1, 1987, § 3568 still governs the calculation of federal sentences. See Sinito v. Kindt, 954 F.2d 467, 469 n. 3 (7th Cir.), cert. denied, 504 U.S. 961 (1992)
 
 
 [7]
 Day did not raise this claim in the district court. However, Respondent does not argue that Day thereby waived this claim, so we address it on the merits. See United States v. Cichon, 48 F.3d 269, 275 (7th Cir.1995), United States v. Stone, 987 F.2d 469, 471 (7th Cir.1993)